**Linda Jean KING, Etc., et al.,
Plaintiffs, Appellants,**

**v.**

**WILLIAMS INDUSTRIES, INC. and
Ethyl Corporation, Defendants,
Appellees.**

**No. 83–1453.**

United States Court of Appeals,
First Circuit.

Argued Oct. 4, 1983.

Decided Jan. 3, 1984.

Certiorari Denied May 14, 1984.
See 104 S.Ct. 2363.

Richard M. Howland, Amherst, Mass., with whom Howland & Sheppard, P.C., Howland, Mass., was on brief, for plaintiffs, appellants.

Charles K. Bergin, Jr., Springfield, Mass., with whom Law Offices of Robinson, Donovan, Madden & Barry, P.C., Springfield, Mass., was on brief, for Williams Industries, Inc.

Before COFFIN, Circuit Judge, GIBSON,* Senior Circuit Judge, and BREYER, Circuit Judge.

PER CURIAM.

This is an appeal from the district court's [1], 565 F.Supp. 321, grant of summary judgment for one of two defendants on the plaintiffs' claims for negligence, loss of consortium and wrongful death. We affirm.

The appellants in this action, the King family, are the surviving spouse, stepchild and children of the decedent, Jay Alan King. The appellee is Williams Industries, Inc., a corporation involved in the "plastic extrusion" business and located in Indiana.

Apparently, the decedent and his family moved from Massachusetts to Indiana where the decedent worked for Williams from March of 1977 through September of 1979. While at Williams, the decedent was exposed to a toxic, carcinogenic chemical. Sometime while he was in Indiana, the decedent was diagnosed as having bile duct cancer, a terminal disease allegedly caused by exposure to the toxic chemical. The decedent and his family then moved to Tennessee. Later, the King family moved back to Massachusetts, the decedent's home, and were living there when the decedent died in 1982.

This action was brought while the decedent was alive. After his death the King family amended their complaint and added a claim for wrongful death against Williams. Williams moved to dismiss the complaint under F.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief could be granted. The district court properly treated the motion as one for summary judgment.

At the hearing on the motion, Williams argued that, under the conflict of laws approach adopted by the Massachusetts courts, Massachusetts would apply the law of Indiana to the King family's claims and that Indiana would bar those claims under its worker's compensation act. After a careful and thorough review of the relevant Massachusetts law, the district court agreed, finding that all the significant events involved in this litigation between the King family and Williams had "occurred in Indiana, most notably, the contract of hire, the alleged negligence, the injury to King, and the diagnosis of his terminal cancer." The district court granted summary judgment for Williams. We affirm on the basis of the district court's opinion.

■ In determining whether a trial court's grant of a summary judgment motion was appropriate, an appellate court must look at the record in the light which is most favorable to the party opposing the motion. The court also must indulge all inferences favorable to that party. *John Sanderson & Co. (Wool) Pty. Ltd. v. Ludlow Jute Co., Ltd.,* 569 F.2d 696, 698 (1st Cir. 1978), *quoting, Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *Tracerlab, Inc. v. Industrial Nucleonics Corp.,* 313 F.2d 97, 99 (1st Cir.1963).

■ When the record is viewed in the light most favorable to the King family, there is still no material issue of fact in dispute. A careful reading of the relevant Massachusetts precedent warrants the conclusion that, under its conflicts laws, a Massachusetts court would have been obliged to apply Indiana law to the facts of this case. However, even if Massachusetts law applied to the facts of this case, the King family's

---

* Of the Eighth Circuit, sitting by designation.

1. The Honorable Frank H. Freedman, United States District Court for the District of Massachusetts.

claim would be barred under that state's worker's compensation act.

■ When the relevant sections of the law are read, it is clear that Massachusetts law explicitly bars a deceased employee's dependents from maintaining an action for loss of consortium against an insured employer. *Mass.Gen.Laws Ann.* ch. 152, § 1(4) (West Supp. 1983–1984); ch. 229, § 2 (West Supp. 1983–1984), § 2B (West 1958).[2] *Ferriter v. Daniel O'Connell's Sons, Inc.,* 381 Mass. 507, 413 N.E.2d 690 (1980), relied on by the King family, does recognize an action for loss of consortium where an injured worker was hired in Massachusetts and the injury occurred in Massachusetts, but not where the employee was hired in another state, injured in another state and died as a result of the injury. Further, *Ferriter* recognized that the dependents of a deceased employee can not recover for loss of consortium: "We acknowledge that [M.]G.L. c. 152, §§ 1(4) and 68, bar a deceased employee's dependents from recovering under [M.]G.L. c. 229, §§ 2 and 2B for loss of consortium as against an employer covered by [M.]G.L. c. 152." *Id.* at 702.

■ At oral argument, the King family raised the issue of a possible constitutional violation. The essence of the argument seems to be that it is unconstitutional for a state to supplant a legislative remedy for a common law right of action, and make that remedy exclusive. Without discussing whether a common law action for loss of consortium survives the death of an injured employee, we do not think the constitutional issue posited is valid.

In *New York Central R.R. Co. v. White,* 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917), the United States Supreme Court discussed generally the constitutionality of supplanting a legislative remedy for a common law right of action. *See id.* at 198–200, 37 S.Ct. at 250–251. The court noted that it had repeatedly upheld a state's authority to establish, by legislation, departures from common-law rules affecting an employer's liability for an employee's personal injuries. *Id.* at 200, 37 S.Ct. at 251.

In *Northern Pac. Ry. Co. v. Meese,* 239 U.S. 614, 620, 36 S.Ct. 223, 224, 60 L.Ed. 467 (1916), the Supreme Court summarily dismissed an equal protection challenge to a worker's compensation act. That act had limited a party's right to recover for wrongful death to the remedies provided in the act. *Id.*

In *Davidson v. Hobart Corp.,* 643 F.2d 1386, 1387 (10th Cir.1981), the Tenth Circuit upheld the constitutionality of an exclusive remedy clause, in the Kansas worker's compensation act, which barred an action for loss of consortium brought by the spouse and child of a deceased employee. Because the exclusive remedy clause did not involve a suspect classification or fundamental constitutional right and because the clause was related to a legitimate state objective, the court held there was no violation of the Fourteenth Amendment's Equal Protection Clause. *Id.*

Finally, in *Lusson v. Carter,* 704 F.2d 646 (1st Cir.1983), this court upheld the constitutionality of an exclusive remedy provision in Puerto Rico's worker's compensation act. In *Lusson,* the surviving spouses and chil-

---

**2.** *Mass.Gen.Laws Ann.* ch. 152, § 1(4) (West 1983–1984) provides in pertinent part: "[a]ny reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation must be payable." *Mass.Gen.Laws Ann.* ch. 229, § 2 (West Supp. 1983–1984) provides in pertinent part: "A person who ... by ... negligence causes death ... shall be liable in damages ... except that ... the liability of an employer to [an employee] shall not be governed by this section." *Mass.Gen.Laws Ann.* ch. 229, § 2B (West 1958) provides in pertinent part:

*Except as otherwise provided in chapter one hundred and fifty-two, if, as the result of the negligence of an employer ... an employee is instantly killed, or dies without conscious suffering, the surviving wife or husband of the deceased or ... the next of kin, who, at the time of such death, were dependent upon the wages of the deceased for support, shall have a right of action for damages against the employer.*
(Emphasis added).

dren of two deceased sailors claimed that barring their right to sue the employer for wrongful death was inconsistent with the general maritime law, and thus unconstitutional. The First Circuit panel in an opinion authored by Chief Judge Coffin disagreed and, in so doing, held that there was no "Supremacy Clause, Due Process, Full Faith and Credit or Equal Protection problems" arising from the exclusive remedy provision. *Id.* at 649.

We find the reasoning behind these cases persuasive. The King family also contends that an exclusive remedy clause unconstitutionally denies them of their right of access to the courts. Neither case law nor persuasive argument is tendered for this position so it does not merit consideration.

*Judgment affirmed.*