KALI SEAFOOD, INC., Plaintiff,

v.

HOWE CORPORATION, Defendant.

Civ. No. 87–0936 (GG).

United States District Court,
D. Puerto Rico.

March 6, 1989.

Ledesma, Palou & Miranda, Zaida Prieto Rivera, Hato Rey, P.R., for plaintiff.

Sanchez–Betances & Sifre, Ivonne Cruz Serrano, Hato Rey, P.R., for defendant.

OPINION AND ORDER

GIERBOLINI, District Judge.

Plaintiff, a Puerto Rico corporation, filed the present action against defendant, an Illinois corporation, claiming damages as a result of the allegedly negligent design and manufacture of an ice maker sold to the plaintiff by the defendant. Damages are also claimed for breach of defendant's warranty that the ice maker would operate as designed and represented. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332.

Defendant has filed a motion seeking the entry of summary judgment in its favor arguing that the instant suit is barred by the applicable six-month limitation period for breach of warranty and the one-year limitation period which governs torts claims. Defendant has filed an opposition alleging that the applicable statute of limitations is the 15–year prescriptive term provided for actions in breach of contract.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A motion for summary judgment will be granted only "if the pleadings, depositions, answers to interrogatories, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *General Office Products v. A.M. Capen's Sons, Inc.*, 780 F.2d 1077 (1st Cir.1986). However, not every factual dispute will defeat a motion for summary judgment. *Menard v. First Security Services Corporation*, 848 F.2d 281 (1st Cir.1988). The requirement is that there be no genuine issue of material fact. *See Oliver v. Digital Equipment Corp.*, 846 F.2d 103 (1st Cir.1988); *Metropolitan Life Insurance Co. v. Ditmore*, 729 F.2d 1, 4 (1st Cir.1984); *King v. Williams Industries, Inc.*, 724 F.2d 240, 241 (1st Cir.), *cert. denied*, 466 U.S. 980, 104 S.Ct. 2363, 80 L.Ed.2d 835 (1984). If there is a dispute "over facts that might affect the outcome of the suit under the governing law", summary judgment will be precluded. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

The following facts are uncontroverted:

1. Plaintiff, Kali Seafood, Inc. (Kali), was organized to conduct commercial seawater fishing in the Caribbean and other areas of the world.

2. In order to carry out its business purpose, plaintiff needed to have on board its ship an ice making machine capable of producing sufficient ice to chill and preserve the fish on board.

3. Plaintiff purchased from defendant, Howe Corporation (Howe) a one ton salt water ice maker which was designed and manufactured by defendant for $7,583.

4. Although the salt water ice maker was delivered to Kali in July, 1980, the unit was not installed until October, 1980.

5. From November, 1980 through August 1, 1983, defendant Howe received correspondence from plaintiff Kali regarding the functioning, warranty replacements and repairs of the ice maker.

6. The last written communication between the parties was a letter dated July 28, 1983 and received on August 1, 1983, where Kali notified Howe of its dissatisfaction with the performance of the ice maker.

7. No other communication was sustained between August, 1983 until September 7, 1984, when plaintiff filed its first lawsuit regarding the ice making machine subject of the present action in the State Court of Illinois, Piatt County. That case was voluntarily dismissed without prejudice on October 29, 1985.

8. On January 14, 1985 plaintiff filed a second suit, Civil Case No. 85–0099(CC), based on the same claims in this court against the appearing defendant. On March 6, 1987 plaintiff requested the voluntary dismissal of said action and the same was granted.

9. The present action was filed on July 23, 1987.

The complaint in this case is based on a breach of warranty for alleged defects and faults in the design and manufacturing of the ice maker by defendant. Since this action is based on diversity jurisdiction, state law is applicable. Section 3841 of the Civil Code of Puerto Rico, provides the following warranty against hidden defects:

The vendor is bound to give a warranty against hidden defects which the thing sold may have should they render it unfit for the use to which it was destined or if they should diminish said use in such manner that had the vendee had knowledge thereof he would not have acquired it or would have given a lower price for it; but said vendor shall not be liable for the patent defects or those which may be visible, neither for those which are not visible if the vendee should be an expert and who by reason of his trade or profession should easily perceive them. P.R. Laws Ann. tit. 31 § 3841.

Likewise, a vendor is liable for hidden defects even if he does not know about them. 31 L.P.R.A. § 3842. If the warranty is violated, the vendee may seek the rescission of the contract or a proportional reduction of the price. *Id.* § 3843.

However, in order to be subject to warranty the hidden defects must comply with the following four requirements set forth in *Ferrer v. General Motors Corp.*, 100 P.R.R. 244, 254 (1971):

.... the hidden defects (1) should be unknown to the vendee, (2) the defect should be serious or very important for it to render the thing unfit for the use to which it was destined or which diminishes said use in such manner that had the vendee had knowledge thereof he would not have acquired it or would have given a lower price for it, (3) that it is pre-existent to the sale and (4) that the

action be brought in the legal period, which is of six months counted from the delivery of the thing sold. Section 1379 of the Civil Code. 31 L.P.R.A. § 3847.[1] This six-month period has been legally extended to count, not from the date the contract was perfected, but from the day the steps to come to an understanding following the contract were interrupted. *Casa Jaime Corp. v. Castro*, 89 D.P.R. 686, 688 (1963).

▮ As stated earlier, the ice maker subject of the present controversy was delivered in July, 1980. From the time of delivery in 1980 through 1983, the ice maker underwent a series of modifications in an effort to make it function properly, and up to August, 1983, the parties were involved in conversations to resolve the alleged problems. It was not until September 7, 1984 that plaintiff filed its first lawsuit against defendant, i.e. more than one year later. Clearly, plaintiff's cause of action had prescribed at the time of the filing of the first suit, since at the time it was filed more than six months had elapsed since the steps to come to an understanding between the parties were interrupted. *Casa Jaime Corp. v. Castro, supra.*

▮ Even if we were to treat plaintiff's cause of action as one sounding in tort due to allegations in the complaint to the effect that defendant's negligence in the design and manufacturing of the ice maker caused injury to plaintiff, the present action would still be barred by the applicable one-year statute of limitations proscribed by 31 L.P. R.A. § 5298.[2] Article 1873 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5303, provides the general rule for the interruption of the prescriptive period: "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." Here, the first of the three suits by plaintiff was filed

1. Title 31 L.P.R.A. § 3847 provides:

Actions arising from the provisions of the five preceding sections shall be extinguished after six months, counted from the delivery of the thing sold.

2. *See Serralta v. Martinez Rivera*, 97 P.R.R. 454 at 460 (1969) where the Supreme Court of Puerto Rico stated as follows: "That there exists cause for action in the sphere of a quasi-crime for fault or negligence against the vendor or manufacturer of a product, is a rule of law which governs in our civil doctrine."

on September 7, 1984 in the State Court of Illinois, more than one year after the last extrajudicial communication with defendant. Since no attempt was made during the year after the last communication between the parties to interrupt the running of the limitations period, plaintiff's first state court suit as well as all subsequent suits based on the same cause of action, were time-barred.

Wherefore, in view of the above, defendant's motion is hereby GRANTED and the instant action is hereby DISMISSED.

The Clerk shall enter judgment accordingly.

SO ORDERED.