Kenneth **COAKLEY**

v.

**AETNA BRIDGE CO. et al.**

**No. 89–8–M.P.**

Supreme Court of Rhode Island.

April 10, 1990.

Joseph DeAngelis, Licht & Semonoff, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Terence J. Tierney, Sp. Asst. Atty. Gen., Mark C. Hadden, Gidley, Lovegreen & Sarli, Providence, for defendants.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court following our grant of the petition of B & F Excavating, Inc., for the issuance of a writ of certiorari to review the denial in the Superior Court of its motion for summary judgment. We quash the order of the Superior Court.

The plaintiff Kenneth Coakley (Coakley) brought suit in the Superior Court, alleging that he had suffered serious injuries while working at a trench excavation. At the time of the injury Coakley was employed by defendant B & F Excavating, Inc. (B & F). He sought and received workers' compensation benefits from B & F.

In the Superior Court action Coakley sought compensatory and punitive damages against his employer, based on his allegations that B & F had intentionally and criminally disregarded its duty to en-

sure his safety and that B & F had failed to inspect and plan the construction site and had otherwise failed to ensure his safety.

It is undisputed that Coakley never filed a written notice of intent to preserve his common-law cause of action against his employer as provided in G.L.1956 (1986 Reenactment) § 28–29–17. Consequently B & F moved for summary judgment under Rule 56(b) of the Superior Court Rules of Civil Procedure on the ground that this action was barred because plaintiff had sought and received workers' compensation benefits.

The issue before us is whether there is an intentional tort exception to the exclusivity provisions of the Workers' Compensation Act as set forth in § 28–29–20. That question was recently addressed by this court in *Lopes v. G.T.E. Products Corp.,* 560 A.2d 949 (R.I.1989). In that case we held that there was no such exception. Therefore, the defendant's motion for summary judgment should have been granted.

For these reasons the petition for issuance of the writ of certiorari is granted, the order denying the motion for summary judgment is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.