Jonathan Stanzler and Robert B. Verri, Abrams & Verri, Providence, for plaintiffs.

James Marusak, Gidley, Lovegreen & Sarli, Jessica Papazlian, Higgins & Slattery, and David Maglio, III and Loraine Motola–Davis, Morrison, Mahoney & Miller, Providence, for defendants.

Kimberly BABBITT

v.

Philip SACCOCCIO and Bruce Saccoccio

v.

Marie ACCIARDO and Silver Lake Pizza, Inc.

No. 90–169–Appeal.

Supreme Court of Rhode Island.

June 6, 1991.

OPINION

FAY, Chief Justice.

This case comes before us on appeal by Philip and Bruce Saccoccio (the Saccoccios), the defendants and the third-party plaintiffs, from a summary judgment entered in the Superior Court in favor of the third-party defendant Silver Lake Pizza, Inc. (Silver Lake). We affirm. The facts pertinent to this appeal are as follows.

On May 11, 1989, Kimberly Babbitt (Babbitt) filed a complaint against the Saccoccios in Superior Court, alleging that she sustained personal injuries as a result of an

automobile accident. Specifically, Babbitt alleged that on January 30, 1988, she was a passenger in an automobile driven by Marie Acciardo (Acciardo) and owned by Silver Lake, traveling southward on Atwood Avenue in Cranston. Babbitt maintained that the Silver Lake automobile had stopped on Atwood Avenue in order to make a left-hand turn. Thereafter, Babbitt avers, Bruce Saccoccio, while negligently driving an automobile owned by Philip Saccoccio, struck the Silver Lake vehicle in the rear. As a result of the collision Babbitt suffered a cervical strain. At the time of the accident both Babbitt and Acciardo were employees of Silver Lake.

The Saccoccios, while denying all liability, filed a third-party complaint against Acciardo and Silver Lake in response to the complaint filed by Babbitt. The third-party complaint sought contribution or indemnification in the event the Saccoccios were adjudicated liable for any injury sustained by Babbitt.

Silver Lake countered by filing a motion for summary judgment, asserting that prior to the commencement of Babbitt's personal-injury action against the Saccoccios, Babbitt and the workers' compensation carrier for Silver Lake had executed a memorandum of agreement (agreement) whereby Babbitt would receive workers' compensation benefits pursuant to the provisions of the Rhode Island Workers' Compensation Act for the injury she sustained in the accident. According to Silver Lake, the agreement between Babbitt and its workers' compensation carrier, in accordance with Rhode Island's Workers' Compensation Act, constituted a waiver by Babbitt of any and all rights she may have had against Silver Lake that arose out of the automobile accident. See G.L.1956 (1986 Reenactment) §§ 28–29–17, 28–29–20. Section 28–29–17 states in part:

"An employee of an employer subject to or who shall have elected to become subject to the provisions of chapters 29—38, inclusive, of this title as provided in § 28–29–8 shall be held to have waived his right of action at common law to recover damages for personal injuries, if he shall not have given his employer at the time of his contract of hire notice in writing that he claims that right."

Section 28–29–20 reads as follows:

"The right to compensation for an injury under chapters 29—38, inclusive, of this title, and the remedy therefor granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents or employees; and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."

Andrew Fidas (Fidas), the owner of Silver Lake, filed an affidavit on December 4, 1989, in which Fidas stated that at the time of the accident Silver Lake had a workers' compensation policy with its insurance company and that Babbitt had never given Silver Lake notice of her common-law right to recover damages for personal injury. Silver Lake concluded that because it was no longer liable to Babbitt, it could not be liable to any third party seeking contribution or indemnification vicariously through Babbitt.

In response to Silver Lake's motion, the Saccoccios alleged that Babbitt was not entitled to workers' compensation benefits because she was not within the scope of her employment at the time of the accident. In support of their position the Saccoccios relied upon Babbitt's assertion that at the time of the accident she "was being taken from [her] place of work * * * to [her] home." The Saccoccios further alleged that because Babbitt was not entitled to workers' compensation benefits, Silver Lake was not immune from a third-party action for contribution or indemnification.

The motion for summary judgment was heard on December 5, 1989, and was subsequently granted. In addition Silver Lake's motion for final judgment was also granted. This appeal followed.

Summary judgment is a means of "curtailing litigation in its early stages if it is found that no genuine issue of material

fact requires resolution." *Trend Precious Metals Co. v. Sammartino, Inc.*, 577 A.2d 986, 988 (R.I.1990); *see* Super. R. Civ. P. 56.

"As we have said innumerable times before, when a trial justice is passing on a motion for summary judgment, the only question before him or her is whether there is a genuine issue as to any material fact which must be resolved. * * * If an examination of the pleadings, affidavits, admissions, answers to interrogatories, and other similar matters, viewed in the light most favorable to the opposing party, reveals no such issue, then the suit is ripe for summary judgment." *Rhode Island Hospital Trust National Bank v. Boiteau*, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977); *see Trend Precious Metals Co.*, 577 A.2d at 988.

"In reviewing the grant of a motion for summary judgment, this court applies the same rules as the trial court." *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987). "Only when our review reveals no issues of material fact, and the moving party is entitled to judgment as a matter of law, will we uphold the trial justice's order granting summary judgment." *Id.*

A review of the record reveals that the trial justice had the following undisputed facts before him. At the time of the accident Babbitt was an employee of Silver Lake. Following the accident but prior to Babbitt's filing her personal-injury action against the Saccoccios, Babbitt and the workers' compensation carrier for Silver Lake executed a memorandum of agreement in accordance with G.L.1956 (1986 Reenactment) § 28–35–1, as amended by P.L.1986, ch. 507, § 9. Pursuant to this agreement Babbitt was to receive workers' compensation benefits for the injuries she sustained in the accident.

Appeals concerning memorandums of agreement are properly made pursuant to § 28–35–5, as amended by P.L.1986, ch. 507, § 9. At the time of the commencement of this action § 28–35–5 stated:

"Any employer or insurer who shall have made payment to an injured employee or those entitled to compensation on account of the death of an employee which payment shall have been procured by fraud, coercion or mutual mistake of fact; or any injured employee or those entitled to compensation on account of the death of an employee who shall have been aggrieved by a memorandum of agreement in that it:

(1) fails to correctly diagnose the injury;

(2) fails to set out correctly all the injuries received by the injured employee;

(3) fails to set out all parts of the body affected by such injuries;

(4) fails to correctly set the rate of compensation; or

(5) in any other way is affected by error; then upon request to the department or petition to the commission setting forth all the additional facts, filed by the aggrieved party and served in the same manner as is provided for in chapters 29 to 38, inclusive, of this title, the department for injuries occurring on or after March 1, 1986 or workers' compensation commission for injuries occurring on or before February 28, 1986 or on appeals from the department shall hear any and all such matters and make their decision in accordance with the provisions of said chapters." [1]

The language of § 28–35–5 is clear. Employers or insurers may appeal a memorandum of agreement when they have made payments that were procured by fraud, coercion, or mutual mistake of fact. Likewise an injured employee, or persons entitled to compensation in the event the in-

---

1. Subsection (5) of G.L.1956 (1986 Reenactment) § 28–35–5 was subsequently amended and currently reads as follows:

"In any other way is affected by error; then upon petition to the court setting forth all the additional facts, filed by the aggrieved party and served in the same manner as is provided for in chapters 29—38, inclusive, of this title the workers' compensation court shall hear any and all those matters and make their decision in accordance with the provisions of those chapters." *See* P.L.1990, ch. 332, art. 1, § 5.

jured employee dies, may appeal a memorandum of agreement if any one or more of the five conditions, as set forth within § 28–35–5, are met. Section 28–35–5 does not provide a remedy or right of appeal to a third party who fails to qualify as either an employer, an insurer, an injured employee, or one entitled to compensation upon the death of the injured employee.

It is our conclusion, therefore, that the Saccoccios lacked the standing necessary to bring into question the propriety of the agreement executed between Babbitt and the workers' compensation carrier for Silver Lake. Upon our review of the record, we find that no genuine issue of material fact existed and that Silver Lake was entitled to judgment as a matter of law. The trial justice did not therefore err in granting summary judgment in favor of Silver Lake.

For the reasons stated, the appeal of the Saccoccios as the defendants and the third-party plaintiffs is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to Superior Court.

