Robert FISH

v.

BURNS BROTHERS DONUT
SHOP, INC.

v.

GRIGGS & BROWNE CO., INC.

No. 91–521–Appeal.

Supreme Court of Rhode Island.

Dec. 11, 1992.

Joyce Faraone, Providence, for plaintiff.

Harry Asquith, Jr., Susan A. Pacheco, Asquith, Merolla, Anderson, Archetto & Kane, Peter S. Haydon, Admas & Haydon, East Greenwich, for defendant.

## OPINION

FAY, Chief Justice.

This matter comes before the Supreme Court pursuant to an appeal filed by the defendant, Burns Brothers Donut Shop, Inc. (Burns Brothers), from a Superior Court judgment granting a motion for summary judgment in favor of the third-party defendant, Griggs & Browne Co., Inc. (Griggs & Browne). For the reasons set forth herein, we affirm the judgment of the Superior Court.

This matter originates from a workers' compensation case. Burns Brothers had engaged Griggs & Browne to perform extermination services for more than twenty years. On January 10, 1986, an employee of Griggs & Brown left a trap door open at defendant's donut shop. Later that day, while he was applying pesticides, plaintiff, Robert Fish (Fish), fell through the trap door. Fish filed a workers' compensation claim against his employer, Griggs & Browne. He was paid workers' compensation benefits.

On July 27, 1987, plaintiff filed a complaint in Superior Court, alleging that he sustained injuries as a result of defendant's negligence. The defendant filed a third-

party complaint against plaintiff's employer, Griggs & Browne, for contribution and indemnity. Subsequently, defendant conceded contribution was not an issue. Griggs & Browne filed a motion for summary judgment, requesting that the third-party complaint against it be dismissed. The trial justice granted the motion.

On appeal, defendant asserts that Griggs & Browne should indemnify it for any expenses or damages that may arise out of plaintiff's suit. The defendant argues that employees of Griggs & Browne had a duty to refrain from negligence while performing services on its premises. It contends that when plaintiff's coworker left the trap door open, Griggs & Browne breached its duty to defendant to perform its extermination services in a safe and workmanlike manner. Under this analysis defendant asserts it is entitled to indemnification from Griggs & Browne for any expenses or damages it may pay as a result of this breach.

We are cognizant that this matter evolved from a workers' compensation claim. On its face, to permit indemnity would appear to make an employer liable beyond the payment of compensation benefits in contravention of the express language of the exclusive remedy provision of the Workers' Compensation Act. *See* G.L. 1956 (1986 Reenactment) § 28–29–20.[1] In the past we have carved out an exception to this limit on liability. In *Cosentino v. A.F. Lusi Construction Co.*, 485 A.2d 105, 108 (R.I.1984), we held that an "action for contract indemnification from [an] employer is not an action based upon the employee's injury but rather is an action for reimbursement based upon an expressed contractual obligation" between the indemnitor and the indemnitee. We noted that the bar to an action derived from a workers' compensation claim is lifted because "[t]his obligation is independent of any statutory duty the employer may owe an employee." *Id.*

◼ In this matter there is absolutely no written contract of indemnity between

Burns Brothers and third-party defendant. Absent a contractual agreement, Burns Brothers contends that indemnity may be supported by equitable principles. The foundation of indemnity is built upon the equitable remedy of restitution. 6 Restatement (Second) *Torts* § 886B, comment c (1979). One party is therefore entitled to indemnity from the other party if the other would be unjustly enriched by the first party's discharge of a liability that both parties owe to a third party. *Id.* at § 886B(1).

In *Muldowney v. Weatherking Products, Inc.*, 509 A.2d 441 (R.I.1986), we adopted a test to determine when the equitable right to indemnity exists.

"In order to successfully assert an action for indemnity, the prospective indemnitee must prove three elements. First, the party seeking indemnity must be liable to a third party. Second, the prospective indemnitor must also be liable to the third party. Third, as between the prospective indemnitee and indemnitor, the obligation ought to be discharged by the indemnitor." *Id.* at 443.

◼ An examination of the facts before us indicates that the second requirement of *Muldowney* has not been met. To satisfy the first element of equitable indemnity, Burns Brothers must be liable to Fish. To fulfill the second element, Griggs & Browne also must be liable to Fish. Griggs & Browne has already discharged its liability to Fish through workers' compensation benefits. Thus equity need not intervene because Griggs & Browne has not been enriched, unjustly or otherwise.

◼ We note that only under extraordinary circumstances would equitable indemnity apply in workers' compensation cases. In this action defendant has not set forth a special legal relationship between itself and the third-party defendant sufficient to bridge the gap ·in its equitable indemnity argument. Such a relationship is a prerequisite to vault the high hurdle

---

1. Workers' compensation "shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against

an employer." G.L.1956 (1986 Reenactment) § 28–29–20.

we set forth to limit the application of indemnity without a contractual basis. *See Wilson v. Krasnoff,* 560 A.2d 335, 341 (R.I. 1989); *Muldowney,* 509 A.2d at 443.

In consideration of our above discussion and disposition of the issue raised by Burns Brothers, we believe that a dismissal of the defendant's appeal from the trial justice's summary judgment is appropriate.

Accordingly the appeal of Burns Brothers is denied and dismissed. The judgment appealed from is affirmed, and this case is remanded to the Superior Court for further proceedings consistent with this opinion.