Ronald BOUCHER

v.

Ronald E. McGOVERN and Consolidated Concrete Corp.

v.

JoAnn CRECELIUS.

No. 93–98–M.P.

Supreme Court of Rhode Island.

April 12, 1994.

1370

Donald J. Maroney, Kelly, Kelleher, Reilly & Simpson, Providence, for third party plaintiff.

Robert J. Dumouchel, Joseph W. Baglini, Higgins & Slattery, Providence, for third party defendant.

## OPINION

MURRAY, Justice.

This matter came before this court on the petition for certiorari of the third-party defendant, JoAnn Crecelius (Crecelius). Crecelius seeks our review of a Superior Court justice's denial of her motion for summary judgment. We quash the motion justice's ruling. The facts required to examine the ruling denying summary judgment are set forth below.

This lawsuit arose out of a two-vehicle collision in Seekonk, Massachusetts, on April 10, 1987. On that day Crecelius was operating a Brink's, Inc. (Brink's), armored truck, and plaintiff, Ronald Boucher (Boucher), was a passenger in that truck. Both Boucher and Crecelius were employees of Brink's, and they were driving from Newport, Rhode Island to Ann & Hope in Seekonk. The Brink's truck collided with a cement truck that defendant/third-party plaintiff Ronald E. McGovern (McGovern) was operating, which vehicle defendant/third-party plaintiff Consolidated Concrete Corp. (Consolidated) owned.

As a result of the accident, both Boucher and Crecelius suffered injuries and collected workers' compensation benefits. In 1990 Boucher filed a complaint against McGovern and Consolidated, alleging that their negligence had caused the collision. He sought compensatory damages, interest, and the costs of suit. McGovern and Consolidated subsequently filed a third-party complaint against Crecelius in which they denied all claims of negligence on their part and alleged that the collision had resulted from the sole or joint negligence of Crecelius. They sought "indemnification or contribution as shall be just." Crecelius later filed a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. She claimed that because she was Boucher's coemployee, Boucher lacked a common-law right of action for damages against her pursuant to G.L.1956 (1986 Reenactment) § 28–29–20 and that, therefore, she could not be held liable to a third party seeking indemnification or contribution vicariously through Boucher.

The motion justice first heard arguments on Crecelius's motion for summary judgment, to which McGovern and Consolidated objected, on March 10, 1992. On June 24, 1992, the motion justice denied the motion.

At that hearing the motion justice discussed the two sections of the Workers' Compensation Act (WCA) that are most relevant to this case. Section 28–29–20 provides,

"The right to compensation for an injury under chapters 29—38, inclusive, of this title, and the remedy therefor granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents or employees; and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."

Section 28–35–58 relates to the liability of a third party for damages and states in pertinent part:

"Where the injury for which compensation is payable under chapters 29–38, inclusive, of this title, was caused under circumstances creating a legal liability in some person other than the employer to pay

damages in respect thereof, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under those chapters for that compensation, and the employee shall be entitled to receive both damages and compensation; Provided, That the employee, in recovering damages either by judgment or settlement from the person so liable to pay damages, shall reimburse the person by whom the compensation was paid to the extent of the compensation paid as of the date of the judgment or settlement and the receipt of those damages by the employee shall not bar future compensation * * * ."

This section also provides that if the employee has been paid workers' compensation benefits, the person who paid the compensation "shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent of that indemnity shall be subrogated to the rights of the employee to recover damages therefor[.]" *See id.*

The motion justice explained that the two provisions must be read together in the context of the public policy behind the WCA. In her view, the policy behind the WCA was the expeditious disposition of claims by workers injured in the course of their employment. She also stated,

"The policy is not to extend immunity from suit to every officer, agent, director, or employee of an employer who may have their own personal legal liability for the injury apart from the liability attaching to the employer for the acts of that director, officer, agent, or employee."

The motion justice then framed the question as "where the officer, director, agent, or employee is from his or her own conduct directly and individually liable to the injured employee separate and apart from the common law liability imposed on an employer as a result of the actions of its agent, officer, director, or employee, does [§] 28–29–20 and the statutory scheme including [§] 28–35–58 offer immunity from suit?" She concluded that § 28–29–20 in the context of the entire statutory scheme does not immunize employees, directors, officers, or agents "where they are individually legally liable" but does im-

munize them when they are sued to impute liability to the employer. She stated that the court would "not construe this exclusivity o[f] remedy or so-called immunity to extend well beyond what is necessary to accomplish the public policy and the purpose of the [WCA]." She noted that

"[t]o construe the Workers' Compensation Act[,] in particular, [§] 28–29–20, so as to extend this exclusivity or immunity as far as [ ] third-party defendant Crecelius would have it would be unfair, would be [ ] violative of public policy, and would be irrational. [Section] 28–29–20 limits the rights of an injured worker to proceedings under Chapters 29 through 38 of the Act. The rights the employee gets under the Act are in lieu of any other rights against the employer, whether directly against the employer or imputed to the employer through the conduct of an officer, director, agent, or employee of that employer. [Section] 2[8]–35–58 anticipates that the employee would have a right of action against any other legally liable person other than the employer. The employee has a right of action against all but the employer. This includes directors, officers, agents, and employees to the extent that they are legally liable directly to the employee and are not sued for [the] purpose of imputing [ ] liability to the employer. The right of contribution is derivative; therefore, the employee has the right of action against this Third–Party Defendant we will call the employee and the defendant."

In her petition for issuance of a writ of certiorari, Crecelius claims that the motion justice's decision contradicted the plain language of § 28–29–20 and disregarded well-settled case law, including *DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40 (R.I.1992), and *Cacchillo v. H. Leach Machinery Co.*, 111 R.I. 593, 305 A.2d 541 (1973). Crecelius also argues that the motion justice erred by failing to follow the clear language of § 28–29–20 and this court's holdings that have construed that statutory provision. She claims that the plain language of that section bars an injured worker who is receiving workers' compensation benefits from bringing any civil

action at common law or otherwise against an employer or the employer's employees, directors, officers, or agents. Since she is immune from liability to her coemployee Boucher, she contends, she cannot be liable to a third party seeking contribution or indemnification through Boucher. She emphasizes the fact that the General Assembly amended the statutory provision in 1982 to extend immunity to coemployees. She argues that although McGovern and Consolidated seek indemnification from her, she has no written contract of indemnity with them, and they have not established equitable indemnity. She also maintains that this court has interpreted § 28–29–20 to extend immunity to cover claims based on the employee's "wrongful conduct," not simply to apply to situations in which the conduct is imputed to the employer.

McGovern and Consolidated assert several arguments. They claim that (1) § 28–29–20 is violative of article 1, section 5, of the Rhode Island Constitution, (2) the motion justice did not commit reversible error as she properly construed §§ 28–29–20 and 28–35–58, (3) § 28–29–20 violates the Equal–Protection and Due–Process Clauses of the Fourteenth Amendment to the United States Constitution, (4) the motion justice did not commit reversible error as they are entitled to indemnification, (5) the employee's election to be covered under the WCA is a release according to G.L.1956 (1985 Reenactment) § 10–6–7, thereby diminishing Boucher's claim against them by the amount of consideration paid, and (6) Crecelius is liable to them for contribution.

■ The scope of our review on a writ of certiorari is restricted to an examination of the record that extends only to questions of law raised in the petition. *Picerne v. DiPrete*, 542 A.2d 1101, 1104 (R.I.1988). We reverse only when we find pursuant to the petition that the lower-court judge committed an error of law. *Wellington Hotel Associates v. Miner*, 543 A.2d 656, 660 (R.I.1988). Crecelius sought and we granted a writ of certiorari to review the motion justice's denial of her motion for summary judgment.

■ At the outset of our analysis of this issue we delineate our standard of review.

As this court has stated, we do not generally review an order denying a motion for summary judgment because such a denial is an interlocutory determination and is not entitled to appeal as a matter of right. *See Souza v. Erie Strayer Co.*, 557 A.2d 1226, 1226 (R.I.1989). We have in very limited circumstances, however, granted such a writ. *See, e.g., Goyette v. Suprenant*, 622 A.2d 1001, 1001 (R.I.1993); *Rhode Island Hospital Trust National Bank v. Dudley Service Corp.*, 605 A.2d 1325, 1326 (R.I.1992); *Coakley v. Aetna Bridge Co.*, 572 A.2d 295, 295 (R.I.1990); *Souza*, 557 A.2d at 1226. The standard of review that we have applied has been the same as when we evaluate the granting of a motion for summary judgment on appeal. *See Dudley Service Corp.*, 605 A.2d at 1328; *Souza*, 557 A.2d at 1226.

■ Rule 56 provides for the filing of a motion for summary judgment. Rule 56(c) states in pertinent part that

"[t]he [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law."

When reviewing the granting of a motion for summary judgment, this court applies the same standard as did the trial court. *See McPhillips v. Zayre Corp.*, 582 A.2d 747, 749 (R.I.1990). The trial court and this court on review do not evaluate the credibility or the weight of the evidence. *See Palmisciano v. Burrillville Racing Association*, 603 A.2d 317, 320 (R.I.1992); *McPhillips*, 582 A.2d at 749. We must consider the pleadings, affidavits, answers to interrogatories, and other materials in the light most favorable to the nonmoving party. *See Palmisciano*, 603 A.2d at 320; *McPhillips*, 582 A.2d at 749. The moving party is entitled to summary judgment if he or she has demonstrated that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. *See* Super.R.Civ.P. 56(c); *see also Palmisciano*, 603 A.2d at 320. Unfortunately, the motion justice did not engage in a

thorough application of this rule and these standards.

Viewing the materials in the light most favorable to McGovern and Consolidated, we first consider whether any genuine issue of material fact exists with respect to the claims raised in the third-party complaint. Crecelius claims that she is entitled to summary judgment with regard to the third-party complaint, as this is the extent of her involvement in the case. The facts material to this claim do not appear to be in dispute. The rendition of the facts that McGovern and Consolidated offer in their brief is similar to the summary of the facts in Crecelius's brief. Additionally, in their objection to Crecelius's motion for summary judgment, McGovern and Consolidated did not assert that a genuine issue of material fact remained for resolution at trial. Instead, they advanced several legal arguments as the basis for their objection.

Consequently we proceed to consider whether Crecelius is entitled to judgment as a matter of law with respect to McGovern and Consolidated's third-party complaint for contribution and indemnification against her. Because the third-party complaint sought contribution or indemnification, we shall analyze both claims.

■ Crecelius argues that she cannot be held liable to a third party seeking contribution vicariously through Boucher because she is immune from liability to her coemployee pursuant to § 28–29–20. McGovern and Consolidated contend that our holding and reasoning in *Zarrella v. Miller*, 100 R.I. 545, 217 A.2d 673 (1966), govern this case and that Crecelius should be considered a joint tortfeasor liable for contribution here.

Section 10–6–3 states that the right of contribution among joint tortfeasors exists and provides that the relative degree of fault of the joint tortfeasors should be considered in calculating their pro rata shares. Section 10–6–2 defines "joint tortfeasors" for purposes of chapter 6 of title 10 of the General Laws as "two (2) or more persons jointly or severally liable in tort for the same injury" regardless of whether judgment has been recovered against any or all of them. That section deems a master and a servant or a principal and an agent to be a single tortfeasor.

We have interpreted § 10–6–3 to require common liability for contribution to be available. *See Cacchillo*, 111 R.I. at 595, 305 A.2d at 542. The right to contribution is derivative. *See id.* Therefore, contribution is unavailable " 'unless the injured person has a right of action in tort against both the party seeking contribution and the party from whom contribution is sought.' " *Id.*

Pursuant to § 28–35–58, Boucher has a right of action in tort against the parties seeking contribution, namely, McGovern and Consolidated. The remaining query in this section of our analysis, then, is whether Boucher has a right of action against Crecelius, the party against whom contribution is sought.

The motion justice concluded that Boucher had a right of action against all but the employer. She explained her view that this included employees, agents, officers, and directors, to the extent that those parties were legally liable directly to the employee and not sued to impute liability to the employer. She determined that the employee, Boucher, had a right of action against the third-party defendant, Crecelius.

We conclude that the motion justice fundamentally misunderstood the meaning and application of § 28–29–20. It appears that she created an exception to a coemployee's immunity from suit. Her interpretation that such immunity would be irrational, unfair, and violative of public policy is in error.

We recently analyzed the immunity of a coemployee under § 28–29–20 in *DiQuinzio*, a factually similar case. *DiQuinzio* involved an employee who was receiving workers' compensation benefits for injuries that he sustained when a passenger in an automobile that his coemployee was operating. *See DiQuinzio*, 612 A.2d at 41. The employee sued the corporate owner of the automobile, which corporation had leased the vehicle to his employer, as well as the owner and the operator of the other vehicle involved in the accident. *See id.* We noted that the employee did not name his coemployee as a defendant in the lawsuit and that the coem-

ployee was immune from liability for the plaintiff's injuries according to § 28–29–20. 612 A.2d at 41. The lessor of the vehicle moved for summary judgment. *See id.* at 41–42. It argued that since negligence on its part had not been established after discovery, the plaintiff's claim for damages against it depended on its being held vicariously liable for the coemployee/operator's negligence under the automobile-lessor liability statute. *See id.* The lessor argued that because the coemployee/operator was immune from suit under the WCA, such a claim against it was foreclosed. *See id.* at 42.

We affirmed the granting of the motion for summary judgment, concluding that an employee who receives workers' compensation benefits is not permitted to pursue a right to recovery based on the wrongful conduct of an entity immunized from suit by the WCA. *See id.* We reasoned that the exclusivity provisions of § 28–29–20 extinguish all other recovery rights based on the wrongful conduct of the injured employee's employer as well as that employer's employees, officers, directors, or agents. *See* 612 A.2d at 42. We also explained that workers' compensation benefits are intended to be full compensation for loss or harm allegedly caused by an entity immunized from suit under § 28–29–20. *See* 612 A.2d at 42.

In *DiQuinzio* we also discussed the interplay between § 28–29–20 and § 28–35–58. We stated that pursuant to the latter provision, an injured employee is not precluded from pursuing a claim for damages against an entity not immunized by the former provision. *See* 612 A.2d at 43. Additionally, we indicated that if the injured employee recovers from a nonimmune entity, he or she is required to reimburse his or her employer (or the employer's insurance carrier) for any compensation paid as of the date of settlement or judgment. *See id.*

We now turn to a brief discussion of earlier cases involving the employer's immunity because the same principles apply here. In *Cacchillo* the employee received compensation pursuant to the WCA from her employer, and she also instituted a lawsuit against the manufacturer and the distributor of the machine on which she had been working when she was injured. *See* 111 R.I. at 594, 305 A.2d at 542. The manufacturer and the distributor impleaded the employer as a third-party defendant, seeking contribution. *See id.* at 594–95, 305 A.2d at 542. The employer moved to strike the third-party complaints, claiming that its liability to its employee was satisfied through the WCA pursuant to § 28–29–20 and it was therefore not liable for contribution. *See* 111 R.I. at 595, 305 A.2d at 542. We note that § 28–29–20 had not yet been amended to immunize coemployees from suit. *See* 111 R.I. at 595–96 & n. 1, 305 A.2d at 542–43 & n. 1; P.L. 1982, ch. 32, art. 1, § 1. The trial court entered summary judgment in the employer's favor. *See* 111 R.I. at 595, 305 A.2d at 542.

In affirming, we held that if the employee lacks a right of action against his or her employer, then the employer is not a joint tort-feasor against whom contribution may be sought. *See id.* at 597, 305 A.2d at 543. We acknowledged the potential unfairness that exists if an employer is permitted to avoid further liability but stated that the unfairness derived from the policy underpinning the WCA, not from the law of contribution. *See id.*

The *Cacchillo* court noted that the WCA had established a system that provides a fixed rate of compensation to an injured employee without requiring the employee to show negligence on the employer's part. *See id.* at 595, 305 A.2d at 542. The employer and the employee both relinquish certain rights and receive certain benefits in accepting the WCA. *See id.* at 595–96, 305 A.2d at 542–43. We stated that to abridge the employer's immunity from suit under the WCA would defeat a purpose for which the WCA was enacted, that is, to provide immunity from suit in exchange for a no-fault compensation scheme. *See id.* at 598, 305 A.2d at 543–44. We also distinguished *Zarrella.* *See id.* at 597–98, 305 A.2d at 543.

Additionally, in *Babbitt v. Saccoccio,* 592 A.2d 847, 847–48, 850 (R.I.1991), we affirmed the entry of summary judgment in favor of an employer with respect to a third-party complaint filed against it in connection with an automobile accident in which an employee

had been injured. The plaintiff/employee had executed a memorandum of agreement with the employer's workers' compensation insurance carrier under which the employee would receive workers' compensation benefits. *See id.* at 848. The plaintiff/employee also filed suit against two third parties, the operator and the owner of the automobile that struck the automobile in which she was injured. *See id.* at 847–48. The defendants impleaded the employer and a coemployee of the plaintiff, who was operating the automobile at the time of the accident, seeking contribution or indemnification. *See id.* at 848. In the employer's motion for summary judgment, it claimed that the employee's agreement with its workers' compensation carrier constituted a waiver on the employee's part of any and all rights that she might have had against her employer relative to the accident. *See id.* The employer argued that because it was not liable to the employee, it could not be liable to a third party demanding contribution or indemnification vicariously through the employee. *See id.*

The instant case presents facts that are very similar to those involved in *DiQuinzio, Babbitt,* and *Cacchillo.* We conclude that pursuant to our case law and § 28–29–20, Boucher does not possess a right of action in tort against Crecelius. Therefore, because Boucher could not sue Crecelius in connection with the work-related motor-vehicle accident for which he now receives workers' compensation benefits, McGovern and Consolidated cannot pursue a claim for contribution against Crecelius. Contribution from Crecelius is unavailable to McGovern and Consolidated because not all the requirements for contribution are present here.

■ As for indemnity, we first note that in *Babbitt* the grant of summary judgment that we affirmed in favor of the employer was in relation to a third-party complaint against the employer seeking contribution and indemnification. *See Babbitt,* 592 A.2d at 848. Although we held in *Babbitt* that the third parties had no standing to challenge the memorandum of agreement between the employee and the workers' compensation insurance carrier, we also agreed with the motion justice that no genuine issue of material fact

existed and that the employer was entitled to judgment as a matter of law. *See id.* at 850.

We addressed a similar claim for indemnification in *Fish v. Burns Brothers Donut Shop, Inc.,* 617 A.2d 874 (R.I.1992). In *Fish* an employee who received workers' compensation benefits sued the third-party owner of the donut shop where the injury occurred. *See id.* at 874. The donut-shop owner impleaded the employer, seeking contribution and indemnification, but subsequently declined to pursue the contribution issue. *See id.* at 874–75. The employer moved for summary judgment, which the court granted. *See id.* at 875. In affirming that ruling, this court acknowledged that to allow indemnification would seemingly violate the explicit language of § 28–29–20. *See* 617 A.2d at 875. We noted that we had carved out an exception to this liability limitation when an independent contract for indemnification existed between the parties. *See id.* In *Fish,* however, this exception was inapplicable because no written contract of indemnity existed between the employer and the donut-shop owner. *See id.*

In the case at bar we do not have any indication in the record or otherwise that a written contract of indemnity existed. In fact, McGovern and Consolidated concede that no contract of indemnity existed between defendants and the employer. Therefore, we conclude that McGovern and Consolidated are not entitled to indemnification under any contractual agreement.

■ McGovern and Consolidated invoke the doctrine of equitable indemnity in support of their claim that Crecelius should indemnify them. Crecelius asserts that they have not established all the elements of the equitable right to indemnity.

The *Fish* court specifically noted that equitable indemnity would apply to a workers' compensation case only in "extraordinary circumstances." *See id.* The court enumerated the requirements for the equitable right to indemnity. *See id.* The elements are as follows: The party seeking indemnity must be liable to a third party, the prospective indemnitor must also be liable to that third party, and "as between the prospective in-

demnitee and indemnitor, the obligation ought to be discharged by the indemnitor." *See id.* (quoting *Muldowney v. Weatherking Products, Inc.,* 509 A.2d 441, 443 (R.I.1986)). The *Fish* court concluded that the second element was not met because the employer had already discharged its liability to its injured employee through workers' compensation benefits. *See id.* Therefore, the defendant was not entitled to be indemnified by the employer under a theory of an equitable right to indemnity. *See id.* at 875–76.

In the instant case the elements of the right to equitable indemnity are not satisfied for a similar reason. Here, the prospective indemnitor is Crecelius, a coemployee, rather than the employer. However, as a coemployee, Crecelius is immune from suit by an injured employee just as an employer is pursuant to § 28–29–20. Therefore, McGovern and Consolidated are not entitled to indemnification from Crecelius under principles of equity.

For all the above reasons we conclude that Crecelius was entitled to judgment as a matter of law. The motion justice erred by concluding otherwise.

We shall now address defendants' arguments that § 28–29–20 offends art. 1, sec. 5, of the Rhode Island Constitution and the Equal–Protection and Due–Process Clauses of the Fourteenth Amendment to the United States Constitution. We respond briefly to each contention.

■ The defendants claim that, as applied, § 28–29–20 places unreasonable burdens and limits on art. 1, sec. 5 guarantees. They assert that the statute denies them "(1) the ability to find a certain remedy by having recourse to the laws of the state; (2) the ability to obtain right and justice completely and without denial; and (3) access to the courts to address the wrong inflicted upon them."

Crecelius argues that defendants are acting on the incorrect assumption that the right to contribution is a common-law, constitutional, or fundamental right. She also maintains that because the right to contribution is statutory, the Legislature is empowered to take away or to limit that right, which it granted.

First we examine our interpretations of art. 1, sec. 5. That section provides:

"Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which may be received in one's person, property, or character. Every person ought to obtain right and justice freely, and without purchase, completely and without denial; promptly and without delay; conformably to the laws."

We have stated that art. 1, sec. 5, should not be construed to preclude the Legislature from enacting any laws that might "limit" a party from asserting a claim in our courts. *See Kennedy v. Cumberland Engineering Co.,* 471 A.2d 195, 198 (R.I.1984). This court has invalidated on art. 1, sec. 5 grounds statutes that impede or encroach upon very basic aspects of the conduct of lawsuits. *See Bartlett v. Danti,* 503 A.2d 515, 517–18 (R.I. 1986); *Kennedy,* 471 A.2d at 198–99; *Lemoine v. Martineau,* 115 R.I. 233, 238–40, 342 A.2d 616, 620–21 (1975). The statute that defendants challenge does not hinder lawsuits in a manner analogous to the statutes that we have struck down. Additionally, as discussed below, § 28–29–20 must be considered in the context of the WCA.

The defendants also discuss *Fournier v. The Miriam Hospital,* 93 R.I. 299, 175 A.2d 298 (1961), *aff'd on reh'g,* 93 R.I. 308, 93 R.I. 299, 179 A.2d 578 (1962), which does not assist their position. In *Fournier,* this court concluded that a statute conferring immunity from liability on charitable hospitals did not violate art. 1, sec. 5, or the federal Equal–Protection and Due–Process Clauses. *See* 93 R.I. at 301–02, 304–05, 175 A.2d at 299, 300–01.

The defendants appear to seek to blur the lines between two different systems for redressing claims of injury, namely, the workers' compensation system and the tort system. For a comparison, see generally, for example, Joseph H. King, Jr., *The Exclusiveness of an Employee's Workers' Compensation Remedy Against His Employer,* 55 Tenn. L.Rev. 405, 406–15 (1988).

The defendants' constitutional challenges seem in part to be based on the fact that they are incidentally disadvantaged in a tort suit by the operation of the workers' compensation system. One of their main objections to the manner in which the system works is baseless. They incorrectly state the law in arguing that if Boucher proves 1 percent negligence against them, he can collect the full amount of any award, even if he might be 99 percent at fault.

McGovern and Consolidated apparently fear being held jointly and severally liable with Crecelius. Joint tortfeasors are jointly or severally liable for the same tortious injury. *See* § 10–6–2. In the case at bar we hold that the coemployee, Crecelius, is not a joint tortfeasor against whom contribution may be sought because Boucher lacks a right of action against her pursuant to § 28–29–20. *See Cacchillo,* 111 R.I. at 597, 305 A.2d at 543. Therefore, because Crecelius is not a joint tortfeasor with McGovern and Consolidated, defendants should not be held jointly and severally liable with her.

 As for the federal constitutional claims, defendants argue that § 28–29–20 infringes upon their First Amendment right to petition the government for redress of grievances. They appear to contend that this is a fundamental right and that the standard of review to apply is strict scrutiny. They assert that § 28–29–20 permits the employer to pursue a subrogation action against them while denying them their only possible defense, the contributory negligence of the employer and its employees, who might be 99 percent at fault. In the alternative they claim that if the court should determine that their right to proceed with their counterclaim (against the employer) and/or third-party complaint is not a fundamental or constitutionally protected right, then "there is no reasonable rationale to support the denial of [their] right to assert [the] contributory negligence of the employer and co-employee."

Crecelius argues that the WCA is comprehensive economic and social legislation that is reasonably related to a legitimate state purpose. She maintains that the right to contribution is not a common-law, constitutional, or fundamental right but rather is purely statutory and can be limited by the Legislature. She asserts that this court has held that the WCA is a valid exercise of the police power and that the immunity from suit that § 28–29–20 affords is in exchange for a no-fault compensation program.

The defendants' federal constitutional arguments are unavailing. "The constitutionality of workers' compensation acts was settled early this century in a series of Supreme Court decisions on the subject." *Smith v. Gould, Inc.,* 918 F.2d 1361, 1364 (8th Cir. 1990). The United States Court of Appeals for the First Circuit has upheld the exclusive remedy provision of Puerto Rico's workers' compensation act against Equal–Protection and Due–Process Clause attack, among other federal constitutional challenges. *See Lusson v. Carter,* 704 F.2d 646, 647, 649 (1st Cir.1983). The First Circuit has also rejected the contention that it is inconsistent with constitutional guarantees "for a state to supplant a legislative remedy for a common law right of action" and render that workers' compensation remedy exclusive. *See King v. Williams Industries, Inc.,* 724 F.2d 240, 242–43 (1st Cir.), *cert. denied,* 466 U.S. 980, 104 S.Ct. 2363, 80 L.Ed.2d 835 (1984).

In *King,* the court discussed United States Supreme Court decisions in which the Court had upheld a state's authority to legislate departures from the common-law rules governing an employer's liability for an employee's personal injuries and discussed the constitutionality of supplanting a legislative remedy for a common-law right of action. *See id.* at 242. The First Circuit also noted that the Court had summarily dismissed an equal-protection attack against a workers' compensation statute restricting a party's right to recover for wrongful death to the remedies afforded in the act. *See id.* Furthermore, it is significant that the exclusivity provision of the federal Longshoremen's (now Longshore) and Harbor Workers' Compensation Act, which provision is similar to § 28–29–20, has been upheld against due-process challenge. *See Keller v. Dravo Corp.,* 441 F.2d 1239, 1241–42 (5th Cir.1971), *cert. denied,* 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972).

Additionally, although the right of access to the courts is an aspect of the right to petition the government, *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 513, 92 S.Ct. 609, 612, 613, 30 L.Ed.2d 642, 646, 648 (1972), such right does not entail absolute authorization to assert any possible type of claim. As discussed above, states may, in accordance with federal constitutional guarantees, replace a common-law right of action with a legislatively created remedy. *See King,* 724 F.2d at 242. Although it is unnecessary for us to do so, if we were to proceed to apply the appropriate rational-basis standard of review, we would conclude that § 28–29–20 bears a rational relationship to a legitimate state interest. *See Boucher v. Sayeed,* 459 A.2d 87, 91–92 (R.I.1983); *see also Estate of Coates v. Pacific Engineering,* 71 Haw. 358, 791 P.2d 1257 (1990) (holding exclusivity provision of Hawaii's workers' compensation statute not violative of equal-protection or due-process guarantees after applying rational-basis test). Therefore, we conclude that § 28–29–20 does not violate any of the constitutional guarantees that the defendants raised.

Consequently, the petition for certiorari is granted, and the ruling of the motion justice is quashed. This case is remanded to the Superior Court with our opinion endorsed thereon and with directions to grant Crecelius's motion for summary judgment.