**Americo J. ZINNO**

v.

**Richard PATENAUDE and Brown University.**

No. 97–603–A.

Supreme Court of Rhode Island.

May 1, 1998.

Joseph R. Palumbo, Jr., Middletown.

Michael W. Reardon, Providence.

### ORDER

This case came before this court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' memoranda, we proceed to decide the case at this time without further briefing or argument.

The plaintiff has appealed from a Superior Court entry of summary judgment in favor of the defendants on two counts of plaintiff's amended complaint. Both the plaintiff and defendant Patenaude were employed by defendant Brown University. The plaintiff contends that while working one day in March of 1991 he was assaulted by Patenaude, causing injury to his neck. Plaintiff did not report the assault to his employer, but eight days later filed a workers' compensation claim with Brown claiming that he had injured his neck while moving a drafting table. Plaintiff received workers' compensation benefits for the next year, until Brown's orthopedic consultant advised that the plaintiff was suffering from arthritis and that the condition was not work related.

On June 2, 1992, following the cessation of benefits, plaintiff finally informed Brown of the assault by Patenaude and claimed that it had aggravated his arthritis. Brown's workers' compensation coordinator wrote back to plaintiff stating that the Patenaude assault was not work-related, and advising him to relate the incident to Brown's human resources department. Thereafter, Brown continued to place the plaintiff on unrestricted work.

The plaintiff filed suit in the Superior Court against Patenaude and Brown. At issue on appeal are counts one and two, which alleged assault and battery by Patenaude and negligence on Brown's part in failing to respond to the assault or provide medical care. The defendants responded with a motion for summary judgment, arguing that plaintiff's claims were barred by the exclusivity provision of the workers' compensation act. Following a hearing, the trial justice granted defendants' motion. In this appeal, plaintiff argues that notwithstanding the exclusivity of workers' compensation, defendants waived such protection by advising plaintiff that injuries resulting from the Patenaude assault were not work related.

Section 28–29–20 of the workers' compensation act provides that "workers' compensation is the exclusive remedy for work-related personal injuries, in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise *against an employer or its* directors, officers, agents or *employees*." (emphases added.). This statute provides immunity from suit to both the employer as well as fellow employees of the injured worker. *DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40, 41 (R.I.1992). In order to preserve a common law or other cause of action against an employer for work-related personal injuries, an employee must give notice of such intent to the employer in accordance with § 28–29–17.

This court has previously and consistently held that there is no intentional tort exception to the exclusivity provision of § 28–29–20. *See Diaz v. Darmet Corp.*, 694 A.2d 736, 737 (R.I.1997) (workers' compensation exclusive remedy for worker assaulted by president of employer, even though benefits denied for inability to prove disabling injury); *Cianci v. Nationwide Ins. Co.*, 659 A.2d 662, 670 (R.I.1995); *Coakley v. Aetna Bridge Co.*, 572 A.2d 295, 296 (R.I.1990) (worker failed to preserve common law cause of action against employer, and was barred by § 28–29–20 from bringing action against employer for intentional torts); *Lopes v. G.T.E. Products Corp.*, 560 A.2d 949, 951 (R.I.1989).

In this case, there is no evidence that plaintiff notified Brown of his intent to preserve whatever common law and other causes of action he may have against his employer for work-related personal injuries. Further, it appears that the plaintiff received workers' compensation for the neck injury he sustained in the Patenaude assault, even though plaintiff claimed at the time that the injury occurred a week after the assault while he was at work and moving a drafting table. Under these circumstances, plaintiff's waiver argument is unavailing to him.

For the foregoing reasons, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court to which we remand the papers.

LEDERBERG, J., did not participate.