Luis DIAZ

v.

DARMET CORPORATION et al.

No. 96–17–Appeal.

Supreme Court of Rhode Island.

June 11, 1997.

Anthony E. Grilli, Providence, for Plaintiff.

John W. Kershaw, Stephen A. Izzi, Providence, for Defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on the appeal of the plaintiff, Luis Diaz, from a summary judgment entered in the Superior Court in favor of the defendants. We affirm the judgment of the Superior Court. The facts of the case insofar as pertinent to this appeal are as follows.

On November 11, 1987, plaintiff was employed by Darmet Corporation. At that time defendant W. Ralph Byrne (Byrne), was president of Darmet Corporation and also a shareholder and director of the corporation. The plaintiff has alleged that on the foregoing date, while on the premises of Darmet, he was assaulted by Byrne, who shoved him against a counter and injured his back. After the assault Byrne allegedly fired plaintiff. Thereafter, plaintiff filed a claim for workers' compensation. His petition was denied by a trial judge of that court, who found that he had not proven a disabling injury.

A justice of the Superior Court granted summary judgment in favor of defendants based upon the exclusivity provision of the Workers' Compensation Act, which is set forth by G.L.1956 § 28–29–20:

> "The right to compensation for an injury under chapters 29—38 of this title, and the remedy therefor granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, or employees; and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."

In support of his appeal plaintiff argues that there should be an exception to the foregoing statute in the case of willful or intentional tort. This court has rejected such arguments in *Lopes v. G.T.E. Products Corp.*, 560 A.2d 949, 949 (R.I.1989), wherein Lopes alleged that he was injured as a result of his employer's " 'willful and intentional' " removal of forklift safety guards. We again rejected such an argument in *Cianci v. Nationwide Insurance Co.*, 659 A.2d 662 (R.I. 1995), on certified questions from the Federal District Court wherein we held that there was no intentional tort exception to the exclusivity provisions that would apply to a workers' compensation carrier. *Id.* at 668–69. We have also rejected liability for the wrongful conduct of a fellow employee in *DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40, 42 (R.I.1992).

We have summarized our position in respect to the absence of an intentional tort exception in *Lopes*, 560 A.2d at 950–51.

> "In an attempt to circumvent the clear language of these statutes, Lopes argues that the instant suit is not barred by § 28–29–20 because he properly pleaded that G.T.E. had committed an intentional tort. In support of this proposition Lopes has cited cases from numerous jurisdictions as well as this court's opinion in *Hornsby [v. Southland Corp.*, 487 A.2d 1069 (R.I. 1985)].* Lopes places great reliance on the portion of *Hornsby* wherein we stated that 'there have been several judicial exceptions carved out of the exclusivity provisions of state workers' compensation statutes such as the dual capacity doctrine, suits against parent and sibling corporations, *the intentional-tort exception,* and suits by third parties against employers for contribution and indemnity.' (Emphasis added.) *Hornsby,* 487 A.2d at 1072. This is an accurate statement. Many jurisdictions have, either by legislative enactment or by judicial opinion, permitted suits sounding in intentional tort despite an exclusive-remedy provision in their workers' compensation statutes. However, in Rhode Island neither the Legislature nor this court has created an intentional tort exception to the mandate of § 28–29–20. The language of *Hornsby* cited by Lopes is dictum and simply recognizes that other courts have created exceptions to exclu-

sive-remedy provisions. Therefore, in the absence of a legislatively created exception to § 28–29–20, we shall adhere to the principle that an employee waives his or her common-law remedy if the employee fails to properly notify the employer of his or her intention to rely on the common law."

On the basis of the statutory provisions and our prior case law interpreting those provisions, we are constrained to conclude that the trial justice was correct in granting summary judgment in favor of the defendants.

For the reasons stated, we deny and dismiss the plaintiff's appeal and affirm the summary judgment entered in the Superior Court. The papers in the case may be remanded to the Superior Court.

GOLDBERG, J., did not participate.