## Chhay H. KONG

### v.

### Kenneth KUNCIO and Nancy Kuncio.

### No. 99–214–A.

Supreme Court of Rhode Island.

March 3, 2000.

Thomas G. Gulick, North Providence.

Christopher M. Rawson, Jeffrey D. Sowa, Providence.

### ORDER

The plaintiff, Chhay H. Kong, appeals from a Superior Court summary judgment in favor of defendants, Kenneth Kuncio and Nancy Kuncio. Following a conference before a single justice of this court, this case was referred to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

The plaintiff and defendant, Kenneth Kuncio, were both employed by Stanley Bostitch Company on November 14, 1995. After work on that day, while in the parking lot of their employer, plaintiff was struck by a vehicle operated by Kenneth Kuncio and owned by Nancy Kuncio. The plaintiff collected workers' compensation benefits as a result of the injuries he sustained in the collision. Subsequently, he filed a personal injury complaint in Superior Court against defendants. The defendants filed a motion for summary judgment which was granted.

After a careful review of the record and the arguments of counsel, we conclude that the plaintiff's action against defendants is barred by the exclusivity provision of the workers' compensation statute. G.L.1956 § 28–29–20. That section provides that the right to compensation for an injury is in lieu of all rights and remedies for that injury against an employer, or its directors, officers, agents, or employees. In this case, it is undisputed that plaintiff and defendant, Kenneth Kuncio, were both employed by Stanley Bostitch at the time of plaintiff's injury. In addition, plaintiff has alleged no independent basis for recovery against Nancy Kuncio. Her liability is based solely upon the negligence of the co-employee, who is entitled to immunity under § 28–29–20. *See DiQuinzio v. Panciera Lease Co.,* 612 A.2d 40 (R.I.1992). Thus, plaintiff's right of recovery against both defendants is barred by the exclusivity provision of the workers' compensation statute.

The plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.