April 23, 2019

**Supreme Court**
No. 2017-198-Appeal.
(PC 16-4593)

Joshua Mello                    :

v.                    :

Sean Killeavy.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Joshua Mello                    :

v.                              :

Sean Killeavy.                  :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

### O P I N I O N

**Justice Indeglia, for the Court.**  In this negligence action, the plaintiff, Joshua Mello (Mello), appeals from a Superior Court grant of summary judgment in favor of the defendant, Sean Killeavy (Killeavy), based on the exclusivity provision of the Workers' Compensation Act, G.L. 1956 § 28-29-20 (the exclusivity provision).  On appeal, Mello contends that, despite the limitation on remedies contained in the exclusivity provision, G.L. 1956 § 28-35-58 allows him to bring a claim against his fellow employee for tortious acts of the coemployee that were outside the scope of employment, even after he collected workers' compensation benefits.[1]  This matter came before the Court on March 6, 2019, for oral argument after full briefing of the issues.  For the reasons outlined below, we affirm the judgment of the Superior Court.

### I

### Facts and Travel

After a careful review of the record, we recite the following pertinent facts.  Mello and Killeavy were both employees of Ramsay's, Inc. (Ramsay's), a small, family-owned company that

---

[1] General Laws 1956 § 28-35-58 governs the liability of third persons for damages when an employee is injured.

provides maintenance and groundskeeping services for cemeteries in Rhode Island. Killeavy had worked as a seasonal laborer for Ramsay's since August 2015. Beginning in December 2008, Ramsay's employed Mello, first as a laborer, and later as a crew chief. The two employees apparently enjoyed a friendly relationship, and they engaged in practical jokes while on the job. Unfortunately, one such prank went too far.

On August 17, 2016, Mello and Killeavy were working at St. Mary's Cemetery in Bristol, Rhode Island. At one point during the workday, while Mello was occupying a bathroom stall, Killeavy, using a gas canister that he found on the job site, poured gasoline onto the bathroom floor as a practical joke. Expecting only to create a loud "popping" noise to scare Mello, Killeavy ignited the gasoline.[2] Unbeknownst to Killeavy, however, the gasoline had flowed into the stall that Mello occupied, and, when the gasoline burst into flames, Mello was injured. As a result, Mello was hospitalized with significant burns, leaving him unable to work for over a year. On September 7, 2016, Ramsay's, through its workers' compensation insurer, The Beacon Mutual Insurance Company, filed a memorandum of agreement with the Rhode Island Department of Labor and Training providing for workers' compensation benefits to be paid to Mello, and Mello accepted the benefits. Additionally, on October 14, 2016, after having learned of the details of the incident, the owner of Ramsay's fired Killeavy.

On September 30, 2016, Mello filed a complaint in Providence County Superior Court against Killeavy, alleging negligence and stating that "[o]n or about August 17, 2016 the [p]laintiff was at all times in the exercise of due care and performing duties on behalf of his employer" when the accident occurred. Killeavy answered, denying Mello's claims; he additionally sought defense

---

[2] At oral arguments, Mello's attorney contended that this act was similar to a prank that Mello had previously performed on Killeavy.

and indemnity in this action pursuant to his parents' homeowners' insurance policy.[3] He also sought defense and indemnity from United Ohio Insurance Company, which had provided both a commercial package insurance policy and a commercial excess insurance policy to Ramsay's at the time of the incident.[4] Killeavy later propounded requests for admissions upon Mello.[5]

On February 21, 2017, Killeavy filed a motion for summary judgment, along with a statement of undisputed facts, arguing that the exclusivity provision of the Workers' Compensation Act barred Mello's negligence claim because Mello had accepted workers' compensation benefits from his employer for an injury occasioned by the acts of a fellow employee while on the job. In his memorandum in opposition to Killeavy's motion, Mello did not dispute Killeavy's statement of undisputed facts. However, he argued that, because Killeavy may have been on a lunch break at the time the injury occurred, Killeavy would not be considered an "employee" at the time of the incident and that § 28-35-58 would allow Mello to maintain a separate cause of action against Killeavy as a "third party," despite Mello's acceptance of workers' compensation benefits. Along with his opposition memorandum, Mello attached correspondence from Ramsay's noting that meal breaks were noncompensable. Mello also provided the court with a copy of the transcript of the deposition of Enzly Ramsay, the owner of Ramsay's, who noted that his company had no set time

---

[3] The insurer, Metropolitan Group Property and Casualty Insurance Company, filed a separate declaratory-judgment action, arguing that it had no duty to defend or indemnify Killeavy pursuant to a "business activities" exclusion in its insurance policy. *Metropolitan Group Property and Casualty Insurance Company v. Sean Killeavy*, No. 2018-113-A., came before us on appeal after the Superior Court entered judgment in favor of Metropolitan, and oral argument was heard on the same day as the instant matter.

[4] United Ohio had challenged this request in the United States District Court for the District of Rhode Island. However, as counsel indicated at oral argument, United Ohio is now providing for Killeavy's defense in the instant matter.

[5] In response to Killeavy's request for admissions, Mello admitted that both he and Killeavy were employees of Ramsay's on August 17, 2016. He also admitted that he accepted workers' compensation benefits for the injuries he incurred that day.

or policy for when employees could take their lunch breaks and that Mello, as supervisor, would have had discretion to decide when to take them.

A hearing on Killeavy's motion for summary judgment was held on April 21, 2017. Mello argued that Ramsay's provided him workers' compensation benefits before investigating whether or not Mello's injury occurred while he was on a lunch break. However, Mello admitted that, under Rhode Island law, even if an employer improperly granted workers' compensation benefits, the employee is bound by the provisions of the Workers' Compensation Act.[6] Mello then reiterated his argument that his injury had not occurred in the course of Killeavy's employment because Killeavy was on lunch break at the time. Additionally, he contended that Killeavy's act was so egregious that it was outside the scope of his employment with Ramsay's. In response to the hearing justice's inquiry as to why Mello had alleged that he received the injury while "performing duties on behalf of his employer," Mello's attorney replied that he had not been told about the lunch break at the time, but had changed his theory of the case once Mello informed him of the full story. However, Mello admitted that he had not sought to amend his complaint at any time to articulate his new theory.

In the end, the hearing justice granted Killeavy's motion for summary judgment. She first noted that the main issue in the case was the application of the exclusivity provision to Mello's negligence claim. The hearing justice interpreted the exclusivity provision as providing immunity to employers and employees, and quoted our opinion in *Manzi v. State*, 687 A.2d 461 (R.I. 1997) (mem.), in which we stated that the Workers' Compensation Act "bars a plaintiff from filing a

---

[6] "Once a [workers'] compensation act has become applicable either through compulsion or election, it affords the exclusive remedy for the injury by the employee or his dependents against the employer and insurance carrier." *Cianci v. Nationwide Insurance Company*, 659 A.2d 662, 668 (R.I. 1995) (quoting 2A Arthur Larson, *The Law of Workmen's Compensation*, § 65.11 at 12-1 (1992)).

second cause of action on the basis of a different legal theory in circumstances in which a plaintiff seeks recovery for the same injuries on which his or her workers' compensation claim was based." *Manzi*, 687 A.2d at 462. Moreover, she cited several of our opinions in reasoning that "it is well settled that there is no exception to this particular provision for intentional torts or wrongful conduct of a fellow employee." The hearing justice then stated that, by accepting workers' compensation benefits, Mello had waived any right he might have had to challenge whether he was injured during the course of his employment. She concluded by finding that the caselaw and statutes were clear: There was no exception to the immunity granted to coemployees under the exclusivity provision, which meant that Mello could not maintain his suit against Killeavy.

On April 27, 2017, Mello prematurely appealed to this Court.[7] On May 16, 2017, an order entered granting Killeavy's motion for summary judgment, and final judgment entered in favor of Killeavy that same day.

## II

### Standard of Review

"A motion for summary judgment 'is designed to decide in an expeditious fashion cases presenting groundless claims.'" *Hexagon Holdings, Inc. v. Carlisle Syntec Incorporated*, 199 A.3d 1034, 1038 (R.I. 2019) (deletion omitted) (quoting *Gallo v. National Nursing Homes, Inc.*, 106 R.I. 485, 487, 261 A.2d 19, 21 (1970)). "When we review a hearing justice's grant of a motion for summary judgment, we conduct our analysis *de novo*." *Id.* "If we determine that 'there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law,' then we will affirm the grant of the motion." *Id.* (brackets omitted) (quoting *Sisto v. America*

---

[7] "This Court will treat a premature appeal as if it had been timely filed." *Hexagon Holdings, Inc. v. Carlisle Syntec Incorporated*, 199 A.3d 1034, 1038 n.3 (R.I. 2019) (brackets omitted) (quoting *Terzian v. Lombardi*, 180 A.3d 555, 557 n.4 (R.I. 2018)).

*Condominium Association, Inc.*, 68 A.3d 603, 611 (R.I. 2013)). "In this endeavor, 'we view the evidence in the light most favorable to the nonmoving party.'" *Id.* (brackets omitted) (quoting *Narragansett Indian Tribe v. State*, 81 A.3d 1106, 1109 (R.I. 2014)). "However, once the moving party establishes 'the absence of a material factual issue, the party opposing the motion has an affirmative duty to establish either by affidavit or by other means the material issue of fact to be decided.'" *Id.* (quoting *Grissom v. Pawtucket Trust Co.*, 559 A.2d 1065, 1066 (R.I. 1989)). "The party opposing the motion cannot establish a genuine issue of fact merely by resting on denials in its pleadings." *Id.* "Rather, the opposing party must 'respond with specific facts that would constitute a genuine issue for trial.'" *Id.* (quoting *Volino v. General Dynamics*, 539 A.2d 531, 533 (R.I. 1988)).

"We review questions of statutory interpretation *de novo*." *State v. Hazard*, 68 A.3d 479, 485 (R.I. 2013) (brackets omitted) (quoting *Campbell v. State*, 56 A.3d 448, 454 (R.I. 2012)). In so doing, our ultimate goal is to give effect to the purpose of the act as intended by the Legislature. *See State v. Santos*, 870 A.2d 1029, 1032 (R.I. 2005).

### III

### Discussion

The crux of this appeal involves the application of several provisions of the Workers' Compensation Act to Mello's negligence claim. We begin with § 28-29-20, the exclusivity provision, which provides:

> "The right to compensation for an injury under chapters 29–38 of this title, and the remedy for an injury granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, *or employees*; and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28-36-10 and 28-36-15." (Emphasis added.)

This Court has stated that "[w]hen an injured employee receives workers' compensation benefits, the exclusivity provisions of § 28-29-20 extinguish all other rights to recovery based on the wrongful conduct of the injured employee's employer or that employer's directors, officers, agents, *or employees*." *DiQuinzio v. Panciera Lease Co., Inc.*, 612 A.2d 40, 42 (R.I. 1992) (emphasis added). "Workers' compensation benefits are meant as full compensation for any loss or harm that is alleged to have been caused by any entity to which immunity from suit is extended under § 28-29-20." *Id.*

Moreover, § 28-29-17 of the Workers' Compensation Act provides, in pertinent part, that an employee:

> "[S]hall be held to have waived his or her right of action at common law to recover damages for personal injuries if he or she has not given his or her employer at the time of the contract of hire or appointment notice in writing that he or she claims that right and within ten (10) days after that has filed a copy of the notice with the director [of the department of labor and training.]"

As such, "[a]n employee who has not retained his or her common law rights under § 28-29-17 is barred by the prohibitions contained in § 28-29-20 from bringing a tort action against his or her employer in situations in which 'workers' compensation benefits are appropriate.'" *Kulawas v. Rhode Island Hospital*, 994 A.2d 649, 656 (R.I. 2010) (quoting *Lopes v. G.T.E. Products Corp.*, 560 A.2d 949, 950 (R.I. 1989)).

Mello concedes that he was injured by Killeavy while on the job site and that Killeavy was a coemployee of Ramsay's at the time. He has also admitted that he accepted workers' compensation benefits from Ramsay's for his injuries. Additionally, it is clear that Mello did not notify Ramsay's of his intention to preserve any common-law right to sue in accordance with § 28-29-17. Accordingly, absent any other mitigating factor—such as a statute or interpretation

thereof from this Court—summary judgment would be appropriate on Mello's claim for negligence against Killeavy.

However, Mello contends that § 28-35-58 enables him to maintain a suit against Killeavy, even though he accepted and received workers' compensation benefits from Ramsay's. This provision states, in pertinent part:

> "Where the injury for which compensation is payable under chapters 29–38 of this title was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect of the injury, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under those chapters for that compensation, and the employee shall be entitled to receive both damages and compensation." Section 28-35-58(a).

Under § 28-35-58, even after accepting workers' compensation benefits, "[a]n injured employee is not * * * barred from seeking damages from an entity not made immune under § 28-29-20 for any loss or harm due to the wrongful conduct of such an entity." *DiQuinzio*, 612 A.2d at 43.

Mello avers that the absence of the word "employees" after the word "employer" in § 28-35-58 implies that the Legislature did not intend to extend immunity to fellow employees when the injury at issue "was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect of the injury[.]" He claims that this occurs, as was purportedly the case here, when an employee performs an act that is outside the scope of his employment and that act injures a fellow employee.[8] Under Mello's theory, a person who was injured on the job and collected workers' compensation benefits would not thereafter be barred by the exclusivity provision from suing the coemployee who caused the injury when the *coemployee's*

---

[8] We note that, due to the allegations in Mello's complaint that he was performing duties on behalf of his employer when he was injured, coupled with his lack of supporting affidavits in his opposition to the motion for summary judgment, we will not consider his argument that he was on an uncompensated lunch break at the time of the injury.

acts could be considered to be outside the scope of employment. However, we have had occasion to interpret each of the above provisions of the Workers' Compensation Act, and have found no basis in the law to create a judicial exception to the exclusivity provision for injuries caused by acts of coemployees.

In *DiQuinzio*, the plaintiff was injured on the job when a truck driven by a coemployee collided with another vehicle while on the highway. *DiQuinzio*, 612 A.2d at 41. The plaintiff suffered significant injuries and collected workers' compensation benefits for those injuries, but thereafter attempted to sue the third-party leasing company, which had leased the truck to the employer, for the same injuries that arose from the accident. *Id.* There, we stated that, pursuant to G.L. 1956 § 31-34-4, any liability the leasing company had to the plaintiff was derivative of the coemployee's liability.[9] *Id.* at 44. In denying the plaintiff's appeal, the Court held that "[t]he import of the immunity afforded [to the coemployee] is that, in accordance with the Rhode Island Workers' Compensation Act, the plaintiff may not maintain an action based on [the coemployee's] alleged wrongful conduct." *Id.*

We answered a question similar to the one at bar in the case of *Boucher v. McGovern*, 639 A.2d 1369 (R.I. 1994). In that case, the plaintiff was injured when a vehicle driven by a coemployee collided with a cement truck. *Boucher*, 639 A.2d at 1371. The plaintiff collected workers' compensation benefits for the injury he suffered and subsequently sued the third-party tortfeasors for damages. *Id.* The third-party tortfeasors then impleaded the coemployee into the case, claiming that they had a right to contribution for the coemployee's role in the plaintiff's

---

[9] General Laws 1956 § 31-34-4 "makes the owner-lessor of a for-hire motor vehicle jointly and severally liable with any person permitted by the owner-lessor to operate such a vehicle for any damages caused by the operator's negligence." *DiQuinzio v. Panciera Lease Co., Inc.*, 612 A.2d 40, 41 (R.I. 1992).

injury. *Id.* The coemployee moved for summary judgment, claiming that she was immunized from contribution for the plaintiff's injury. *Id.* Nonetheless, the trial justice allowed the claim for contribution to move forward, stating that, when reading §§ 28-29-20 and 28-35-58 together, it was clear "that § 28-29-20 in the context of the entire statutory scheme does not immunize employees, directors, officers, or agents 'where they are individually legally liable' but does immunize them when they are sued to impute liability to the employer." *Id.* at 1372.

The coemployee petitioned for a writ of certiorari, which we granted; we ultimately quashed the motion justice's ruling. *Boucher*, 639 A.2d at 1379. This Court cited several cases, including *DiQuinzio*, in noting that no cause of action, either direct or for contribution, may be had against an entity or person made immune under § 28-29-20. *Id.* at 1374-76. We held that the trial justice had erred in creating an exception to the immunity granted to coemployees under § 28-29-20 and that, because the plaintiff had no right to sue the coemployee for the injuries he sustained, and for which he collected workers' compensation benefits, the third-party tortfeasors similarly had no claim for contribution against the coemployee for those same injuries. *Id.* at 1374, 1376.

While Mello suggests that the rule may seem harsh in light of his injuries, in the past we have made no exception to the exclusivity provision for acts of coemployees that could be considered to be outside the scope of employment. *See Diaz v. Darmet Corporation*, 694 A.2d 736, 738 (R.I. 1997); *see also Kong v. Kuncio*, 754 A.2d 103, 103 (R.I. 2000) (mem.). In *Diaz*, the plaintiff was injured at work after being assaulted by the president of the company at which he was employed. *Diaz*, 694 A.2d at 737. The plaintiff then filed for workers' compensation benefits; however, his application was denied after a workers' compensation judge found that he had suffered no disabling injury. *Id.* Thereafter, the plaintiff sued the president of the company in

- 10 -

Superior Court. *Id.* However, the Superior Court determined that the exclusivity provision barred this claim. *Id.* The plaintiff appealed, arguing that there was a willful-or-intentional-tort exception to the exclusivity provision. *Id.* This Court held that, "[o]n the basis of the statutory provisions and our prior case law interpreting those provisions," the Superior Court was correct in determining that there is no intentional-tort exception to the exclusivity provision, and that "an employee waives his or her common-law remedy if the employee fails to properly notify the employer of his or her intention to rely on the common law." *Id.* at 738 (quoting *Lopes*, 560 A.2d at 951).

Additionally, in *Kong*, the plaintiff suffered injuries after being hit by a car driven by a coemployee while in their employer's parking lot after work. *Kong*, 754 A.2d at 103. The plaintiff received workers' compensation benefits and then attempted to sue the coemployee and his wife for the same injuries. *Id.* We held that, by virtue of receiving workers' compensation benefits and not having notified his employer of his intent to preserve his common-law rights, the plaintiff had waived any common-law right he may have had to sue either the coemployee or his wife because any "liability [was] based solely upon the negligence of the co-employee, who [was] entitled to immunity under § 28-29-20." *Id.*

In support of his purported "scope of employment" exception, Mello cites *D'Andrea v. Manpower, Inc. of Providence*, 105 R.I. 108, 249 A.2d 896 (1969), in which we stated that an employee acts within the scope of his or her employment when "at the time and place of the injury [the employee] was reasonably fulfilling the duties of his employment or something incidental thereto." *D'Andrea*, 105 R.I. at 108, 249 A.2d at 899. However, *D'Andrea* is readily distinguishable from the instant case. There, we created an expansive definition of an employee's scope of employment, which tended to favor the person seeking workers' compensation benefits.

*See id.* Notably, *D'Andrea* did not involve an injury brought about by a coemployee, or the exclusivity provision, and we have never applied the *D'Andrea* standard for scope of employment in such cases. *Id.*, at 109-10, 249 A.2d at 897-98; *see Kong*, 754 A.2d at 103; *Diaz*, 694 A.2d at 737. While Mello contends that we *should* apply that standard to third parties, his argument ignores the fact that neither the exclusivity provision nor § 28-35-58 provides for a "scope-of-employment" exception in the first place. Accordingly, we decline to extend the *D'Andrea* standard to create liability for coemployees where none existed before.

Finally, Mello advances public-policy arguments in favor of the application of a scope-of-employment exception to the exclusivity provision, citing to cases from other jurisdictions. We are well aware that other jurisdictions have created exceptions, "either by legislative enactment or judicial opinion," to this strict rule granting immunity for tortious acts of coemployees. *See Lopes*, 560 A.2d at 950-51 (footnote omitted). Nevertheless, "in the absence of a legislatively created exception to § 28-29-20, we shall adhere to the principle that an employee waives his or her common-law remedy if the employee fails to properly notify the employer of his or her intention to rely on the common law." *Diaz*, 694 A.2d at 738 (quoting *Lopes*, 560 A.2d at 951). To hold otherwise would be to essentially rewrite the exclusivity provision, a task this Court is not at liberty to perform. *See State v. Calise*, 478 A.2d 198, 201 (R.I. 1984) (holding that the Court has "neither the authority nor the competence to rewrite [a statutory] definition").

There being no disputed issues of material fact left in this case, summary judgment was appropriately granted in favor of Killeavy on Mello's negligence claim.

## IV

### Conclusion

For the reasons set forth herein, we affirm the judgment of the Superior Court. We remand the papers to that tribunal.

- 12 -

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Joshua Mello v. Sean Killeavy. |
| **Case Number** | No. 2017-198-Appeal.<br>(PC 16-4593) |
| **Date Opinion Filed** | April 23, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ronald J. Resmini, Esq. |
| | For Defendant:<br><br>Mark T. Reynolds, Esq.<br>David E. Maglio, Esq.<br>Scott F. Bielecki, Esq. |