**Supreme Court**
No. 2018-113-Appeal.

Metropolitan Group Property and Casualty     :
  Insurance Company et al.

      v.     :

  Sean Killeavy et al.     :

**O R D E R**

  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, and in light of our opinion in *Joshua Mello v. Sean Killeavy*, No. 2017-198-A., --- A.3d --- (R.I. 2019), we dismiss this appeal as moot.

  On August 17, 2016, the defendants in this case, Sean Killeavy and Joshua Mello, were working at St. Mary's Cemetery in Bristol on behalf of Ramsay's, Inc., a landscaping company. While Mello was occupying a bathroom stall, Killeavy poured gasoline on the floor and lit a match. He intended to scare Mello with a minor bang, but Killeavy's alleged actions ignited a fire and Mello sustained serious injuries from that fire.

  Approximately one month later, Mello filed a civil action against Killeavy, alleging one count of negligence and seeking compensation for his injuries (the Mello action). *See* No. PC-2016-4593. Killeavy sought defense and indemnity coverage from the plaintiffs, Metropolitan Group Property and Casualty Insurance Company and Metropolitan Property and Casualty Insurance Company, the companies whose insurance policies insured Killeavy's parents' home, where he resided. The plaintiffs issued a letter denying coverage to Killeavy, but stated that they

- 1 -

would provide a defense to him under a reservation of rights while they endeavored to obtain a declaratory judgment from the Superior Court that they were not obligated to either defend or indemnify him against Mello's negligence claim. The plaintiffs subsequently filed this declaratory judgment action in Providence County Superior Court on November 2, 2016.

Thereafter, plaintiffs filed a motion for summary judgment, arguing that they were not obligated to defend or indemnify Killeavy because the two insurance policies in question (a homeowners insurance policy and a personal excess liability policy) contained "business activities" exclusions, specifically excluding coverage for Killeavy for the incident at issue in the Mello action. Killeavy filed both an objection to plaintiffs' motion and a cross-motion for summary judgment. A hearing justice heard arguments on the cross-motions on August 23, 2017, and rendered a bench decision a week later granting plaintiffs' motion for summary judgment.

The Superior Court entered an order and a judgment on November 20, 2017, granting plaintiffs' motion for summary judgment and entering a declaratory judgment that plaintiffs "owe no obligation to provide any defense or indemnity coverage to * * * Killeavy, as to [the Mello action], concerning the incident of August 17, 2016[.]" The judgment also stated that plaintiffs could stop providing defense coverage for Killeavy. Killeavy timely appealed to this Court. Killeavy also filed a motion with this Court requesting a stay to the part of the Superior Court's judgment permitting plaintiffs to cease providing defense coverage in the Mello action, so plaintiffs would be required to continue providing defense coverage to Killeavy until this Court resolved Mello's appeal from the entry of summary judgment in Killeavy's favor in the Mello action. We granted Killeavy's motion to stay.

In an opinion issued on even date herewith, this Court affirmed the Superior Court judgment dismissing the Mello action. *See Mello*, No. 2017-198-A., --- A.3d at ---. The issues

raised in the instant appeal are therefore moot because there is no longer a cause of action against which the plaintiffs could defend and indemnify Killeavy. Accordingly, we dismiss this appeal and remand the record of the case to the Superior Court.[1]

Entered as an order of this Court on this 23rd day of April, 2019.

By Order,

_____/s/_____
Clerk

---

[1] During oral argument, counsel represented to the Court that counterclaims are pending in this case in Superior Court. However, there is no indication in the judgment from which this appeal was taken that any claims remain pending in the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

### SUPREME COURT – CLERK'S OFFICE

### ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Metropolitan Group Property and Casualty Insurance Company et al. v. Sean Killeavy et al. | |
| **Case Number** | No. 2018-113-Appeal. (PC 16-5134) | |
| **Date Order Filed** | April 23, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough | |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Mary Welsh McBurney, Esq. | |
| | For Defendants:<br><br>Scott F. Bilecki, Esq.<br>Ronald J. Resmini, Esq. | |

SU-CMS-02B (revised November 2016)