**Supreme Court**
No. 2020-83-Appeal.

Joshua Mello                           :

v.                                     :

Sean Killeavy.                         :

**O R D E R**

The plaintiff, Joshua Mello, appeals from a final judgment of the Superior Court in favor of the defendant, Sean Killeavy, following an order dismissing the plaintiff's complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, for failure to state a claim on which relief can be granted. In a prior opinion, on the same facts but in a separate case, this Court addressed the plaintiff's appeal from the entry of summary judgment in favor of the defendant in which we affirmed the judgment of the Superior Court. *See Mello v. Killeavy*, 205 A.3d 454 (R.I. 2019). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written submissions, and after

reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing.[1]

Because the facts of the underlying dispute are set forth in detail in our previous opinion, we shall relate here only the facts that are directly relevant to the present appeal. After this Court issued its decision in *Mello*, in which we held that the exclusivity provision of the Workers' Compensation Act barred plaintiff's claim against defendant, *see Mello*, 205 A.3d at 460, 462, plaintiff moved the Superior Court to amend his complaint in that case, PC-2016-4593. In that proposed amendment, plaintiff claimed that his injuries were sustained while he was on an "unpaid lunch break[.]" The plaintiff maintained that his revised argument was in response to a footnote in *Mello*, in which we expressed that we were disinclined to address plaintiff's argument "that he was on an uncompensated lunch break at the time of the injury" in light of plaintiff's allegation in his complaint that he was performing duties on behalf of his employer at the time of his injury and because that argument had not been raised in the Superior Court. *Mello*, 205 A.3d at 460 n.8. Seizing on that language, plaintiff claimed that that footnote "left open" an opportunity for that argument to be raised and litigated in the Superior Court. On June 27, 2019, at a hearing on plaintiff's motion to amend, the hearing justice denied

---

[1] In an order dated September 15, 2020, this Court granted the plaintiff's motion for leave to waive oral argument. As a result, this case has been decided on the papers submitted by the parties.

plaintiff's motion after finding that she did not agree with plaintiff's interpretation of the footnote in *Mello* and that plaintiff had waived the new argument he sought to advance.[2]

Less than one week after his motion to amend was denied, plaintiff filed a second action in the Superior Court, the present case. That action, which is the subject of this appeal, is in all material respects identical to the complaint filed in the earlier action, except that plaintiff now alleges that he sustained his injury while he was on an unpaid lunch break. Indeed, plaintiff's complaint in this action endeavors to assert the same argument that the Superior Court found to be waived when it denied his motion to amend his complaint in the earlier action.

In response to the new complaint in the present case, defendant filed a motion to dismiss. On January 29, 2020, the hearing justice granted defendant's motion to dismiss after finding that plaintiff's claim was barred by the doctrine of *res judicata*. In doing so, the hearing justice ruled that the complaint raised issues that could have been asserted in plaintiff's very first action, the judgment which was affirmed by this Court in *Mello*. *See Mello*, 205 A.3d at 460, 462. The plaintiff timely appealed.

On appeal, plaintiff maintains that the hearing justice erred in granting defendant's motion to dismiss on *res judicata* grounds because, according to

---

[2] The plaintiff subsequently appealed that decision, which this Court affirmed in an order contemporaneously issued with this order, in *Mello v. Killeavy*, No. 2019-302-A., __ A.3d __.

- 3 -

plaintiff, identity of issues between the first and second action is lacking.  He claims that this is so because "the question of 'an uncompensated lunch break' was not actually litigated in the prior action[.]"  Alternatively, plaintiff argues that the footnote in *Mello* created a "mandate to the Superior Court that the uncompensated lunch break should be considered as a separate matter and left open for the purposes of litigation."

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *DiLibero v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 1013, 1015 (R.I. 2015) (brackets omitted) (quoting *Narragansett Electric Co. v. Minardi*, 21 A.3d 274, 277 (R.I. 2011)).  "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Id.* (quoting *Narragansett Electric Co.*, 21 A.3d at 278).  "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor." *Id.* (quoting *Narragansett Electric Co.*, 21 A.3d at 278).  "A motion to dismiss may be granted only if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts." *Id.* (brackets omitted) (quoting *Narragansett Electric Co.*, 21 A.3d at 278).

The plaintiff first asserts that it was error for the hearing justice to dismiss his complaint on *res judicata* grounds.  "*Res judicata*, or claim preclusion, bars the relitigation of all issues that were tried or might have been tried in an earlier action."

- 4 -

*JHRW, LLC v. Seaport Studios, Inc.*, 212 A.3d 168, 177 (R.I. 2019) (quoting

*Reynolds v. First NLC Financial Services, LLC*, 81 A.3d 1111, 1115 (R.I. 2014)).

"[*R*]es *judicata* serves as a bar to a second cause of action where there exists: (1)

identity of parties; (2) identity of issues; and (3) finality of judgment in an earlier

action." *Id.* (quoting *Goodrow v. Bank of America, N.A.*, 184 A.3d 1121, 1126 (R.I.

2018)).  With respect to the identity of issues prong, "this Court has adopted the

transactional rule governing the preclusive effect of the doctrine of *res judicata.*" *Id.*

at 178 (brackets omitted) (quoting *Goodrow*, 184 A.3d at 1127).  "The transactional

rule provides that all claims arising from the same transaction or series of

transactions which could have properly been raised in a previous litigation are barred

from a later action." *Id.* (quoting *Goodrow*, 184 A.3d at 1127).

Our review of the record leads us to conclude that the issue of whether or not

plaintiff was actually engaged in furtherance of his employer's business or was

engaged in personal pursuit at the time he sustained his injury could have been raised

in the first action that plaintiff filed in the Superior Court.  Under our "transactional

rule," it is of no consequence that the issue that plaintiff now seeks to assert in a

second action was not "actually litigated" in the earlier litigation; it is enough that

the issue could have been raised, but was not. *See Seaport Studios, Inc.*, 212 A.3d at

178.  Because plaintiff now seeks to litigate an issue arising from the same facts as

those in controversy in a previous action that was not, but could have been, raised in

that earlier action, the hearing justice did not err when she dismissed his complaint on the basis of *res judicata*.

Moreover, we disagree that any mandate was created by the footnote in *Mello*. As this Court explained in an order contemporaneously issued with this order, in *Mello v. Killeavy*, No. 2019-302-A; __ A.3d __, the footnote to which the plaintiff points us merely expressed that we were disinclined to address the plaintiff's argument that he was on an "uncompensated lunch break at the time of the injury" solely because plaintiff did not raise that issue before the Superior Court in the first instance, thus waiving that argument. *See Mello*, 205 A.3d at 460 n.8.

For the reasons set forth in this order, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court this 14th day of December, 2020.

By Order,

_____/s/_____
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Joshua Mello v. Sean Killeavy. | |
| **Case Number** | No. 2020-0083-Appeal.<br>(PC 19-7255) | |
| **Date Order Filed** | December 14, 2020 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ronald J. Resmini, Esq. | |
| | For Defendant:<br><br>Kathryn Hopkins, Esq. | |