**Supreme Court**
No. 2019-302-Appeal.

| Joshua Mello | : |
| :--- | :--- |
| v. | : |
| Sean Killeavy. | : |

**O R D E R**

The plaintiff, Joshua Mello, appeals from an order of the Superior Court denying his motion to amend his complaint. In an earlier opinion on the same facts, this Court addressed the plaintiff's appeal from the entry of summary judgment in favor of the defendant, Sean Killeavy, in which we affirmed the judgment of the Superior Court. *See Mello v. Killeavy*, 205 A.3d 454 (R.I. 2019). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written submissions, and after reviewing the record,

we conclude that cause has not been shown and that this case may be decided without further briefing.[1]

Because the facts of the underlying dispute are set forth in detail in our previous opinion, we shall relate here only the facts that are directly relevant to the present appeal. After this Court issued its decision in *Mello*, in which we held that the exclusivity provision of the Workers' Compensation Act barred plaintiff's claim against defendant, *see Mello*, 205 A.3d at 460, 462, plaintiff moved in the Superior Court to amend his complaint. In that proposed amendment, plaintiff claimed that his injuries were sustained while he was on an "unpaid lunch break[.]" The plaintiff maintained that his revised argument was in response to a footnote in *Mello*, in which we expressed that we were disinclined to address plaintiff's argument "that he was on an uncompensated lunch break at the time of the injury" because that argument had not been raised in the Superior Court and because plaintiff had alleged in his complaint that he was performing duties for his employer at the time of his injuries.[2]

---

[1] In an order dated September 15, 2020, this Court granted the plaintiff's motion for leave to waive oral argument. As a result, this case has been decided on the papers submitted by the parties.

[2] It should be noted that, prior to plaintiff's motion to amend his complaint that is the subject of this appeal, plaintiff had also filed an amended complaint while *Mello v. Killeavy*, 205 A.3d 454 (R.I. 2019), was pending in this Court. He also alleged in that amended complaint that he was on an uncompensated lunch break at the time of his injury. The defendant moved to strike plaintiff's amended complaint, and the hearing justice correctly declined to rule on that motion because the appeal had been docketed in this Court, thereby depriving the Superior Court of jurisdiction.

*See id.* at 460 n.8. Seizing on that language, plaintiff claimed that that footnote "left open" an opportunity for that argument to be raised and litigated in the Superior Court. On June 27, 2019, at a hearing on plaintiff's motion to amend, the hearing justice denied plaintiff's motion after finding that she did not agree with plaintiff's interpretation of the footnote in *Mello*, and she further determined that plaintiff had waived the new argument he sought to advance. The plaintiff timely appealed.

On appeal, plaintiff maintains that the hearing justice erred in denying his motion to amend because this Court in *Mello* never determined whether plaintiff and defendant were properly classified as employees during their purported unpaid lunch break. Consequently, he argues, the Workers' Compensation Act, which this Court determined to bar plaintiff's claims in *Mello*, would have no relevance to plaintiff's claims if the parties were not, in fact, actually engaged as employees at the time plaintiff was injured. *See Mello*, 205 A.3d at 460, 462. The plaintiff also points to our long-standing jurisprudence providing that amendments to pleadings be liberally permitted as authority that plaintiff's post-judgment motion to amend should have been allowed.

"[T]he decision to grant or to deny a motion to amend a complaint is confided to the sound discretion of the trial justice." *Lomastro v. Iacovelli*, 56 A.3d 92, 94 (R.I. 2012) (brackets omitted) (quoting *Harodite Industries, Inc. v. Warren Electric Corp.*, 24 A.3d 514, 529 (R.I. 2011)). "'Accordingly, we afford great deference to

the trial justice's ruling on a motion to amend,' and we 'will not disturb that ruling unless the trial justice committed an abuse of discretion.'" *Id.* (brackets omitted) (quoting *Harodite Industries, Inc.*, 24 A.3d at 529).

This Court in *Mello* affirmed a grant of summary judgment in favor of the defendant because the plaintiff accepted workers' compensation benefits for an injury that occurred on the job site as a result of the acts of a co-employee. *Mello*, 205 A.3d at 462. Accordingly, all the plaintiff's claims against the defendant were, therefore, either resolved by this Court or waived; thus, the hearing justice did not abuse her discretion in denying plaintiff's post-judgment motion to amend.

For the reasons set forth in this order, we affirm the order of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court this 14th day of December, 2020.

By Order,

_____/s/_____
Clerk

- 4 -



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Joshua Mello v. Sean Killeavy. | |
| **Case Number** | No. 2019-0302-Appeal.<br>(PC 16-4593) | |
| **Date Order Filed** | December 14, 2020 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ronald J. Resmini, Esq. | |
| | For Defendant:<br><br>David E. Maglio, Esq.<br>Scott F. Bielecki, Esq.<br>Kathryn Hopkins, Esq.<br>Mark T. Reynolds, Esq. | |