January 21, 2022

**Supreme Court**

No. 2020-92-Appeal.
(WP 18-498)

In re Estate of Barbara J. Cardiff.    :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

In re Estate of Barbara J. Cardiff.          :

Present: Suttell, C.J., Goldberg, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**   The petitioners, Michael P. Cardiff, Christopher M. Cardiff, Andrea L. Morgan, and Jessica L. Murray, appeal from a Superior Court judgment affirming an order of the Westerly Probate Court admitting the "Last Will and Testament of Barbara J. Cardiff" (the will).   On appeal, the petitioners argue that the trial justice erred in affirming the order of the probate court because, they allege, the will did not meet the necessary formalities of G.L. 1956 § 33-5-5.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case

may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

The testator, Barbara Cardiff, executed the will on February 10, 2016. The will included signatures from the testator, Christopher Fusaro, and Linda LaParle.

At the end of the will, the testator signed her name after a clause that reads: "IN WITNESS WHEREOF, I have signed my name on this the [10 February 2016], at Westerly, Rhode Island, declaring and publishing this instrument as my Last Will, in the presence of the undersigned witnesses, who witnessed and subscribed this Last Will at my request, and in my presence."[1] After the testator's signature was the following clause:

> "SIGNED AND DECLARED by Barbara Cardiff on the ___ day of November, 2014 [*sic*] to be their Last Will, in our presence, at Westerly, Rhode Island, who at their request, in their presence and in the presence of each other, all being present at the same time, have signed our names as witnesses."

Fusaro's signature, printed name, and address, identifying him as "Witness #1[,]" appeared on the document below the clause. The line for "Witness #2" and the

---

[1] We note that the typed words "day of November, 2015" were crossed out, and handwritten in was "10 February 2016[.]"

accompanying information were left blank. The next clause in the will is entitled "affidavit" and is followed by a notary clause, which states:

> "In Westerly on this 10th day of February, 2016 before me personally appeared the undersigned, who, being duly sworn, depose and say that: they witnessed the execution of the Last Will of Barbara Cardiff; that the signature to the Last Will is in the handwriting of the Testator or was made by some other person for the Testator, in the Testator's presence and by the Testator's express direction; that the Testator so subscribed the Last Will and declared the same to be their Last Will in their presence; that they thereafter subscribed the same as witnesses in the presence of the Testator and in the presence of each other; that at the time of execution of the Last Will the Testator appeared to be of sound mind and eighteen (18) years of age or over; and that the signatures of the witnesses on the Last Will are genuine.
>
> "Subscribed and sworn to before me on the day and date first above written[.]"

LaParle's signature appears on the next line above the words "Notary Public[.]" A stamp with the words "LINDA L. LAPARLE MY COMMISSION EXPIRES" is affixed below the signature and the date "1/17/20" is handwritten next to the stamp.

The testator passed away on May 15, 2018; and, on June 15, 2018, her niece, respondent Amy Campbell, filed a petition for probate of will in accordance with G.L. 1956 § 33-22-2.[2] On June 19, 2018, Fusaro and LaParle each signed an "Affidavit for Proof of Will[.]" The petitioner Michael Cardiff filed an objection to

---

[2] Matthew L. Lewiss, Ronald M. Byington, and Anthony M. Byington are also respondents.

- 3 -

entry of will on July 11, 2018, indicating that the will was "violative of the requirements for the execution of a [w]ill." An order entered by the probate judge on September 5, 2018, admitted the will to probate. On September 20, 2018, petitioners filed a claim of appeal with the probate court and, subsequently, on September 24, 2018, they filed a notice of complaint and appeal with the Superior Court.

Before the Superior Court, petitioners argued that the will does not conform with the requirements of § 33-5-5 because it was not subscribed by two witnesses; according to petitioners, only Fusaro subscribed as a witness. The petitioners submitted that LaParle did not subscribe as a witness, but rather as a notary public.

The trial justice issued a written decision on February 10, 2020, indicating that "[t]he precise issue before this [c]ourt is whether an individual who signs a will as a notary public may be a 'witness' in accordance with § 33-5-5." Quoting this Court's precedent in *Estate of Giuliano v. Giuliano*, 949 A.2d 386 (R.I. 2008), interpreting § 33-5-5, the trial justice indicated that "a valid will in Rhode Island must be signed by the testator in the presence of two witnesses; those witnesses, in turn, must sign the will in the presence of each other." *Estate of Giuliano*, 949 A.2d at 392.

The trial justice determined that LaParle "was in fact a witness." She noted that § 33-5-5 does not define the term "witness," and quoted Black's Law Dictionary

- 4 -

for the definition that a "witness" is "[s]omeone who sees, knows, or vouches for something." The trial justice indicated that "[w]hether Ms. LaParle identified as a witness or a notary public at the time she signed the [w]ill" was "irrelevant" because, she found, such a determination "does not turn on labels." She further found that the will and the surrounding circumstances demonstrated compliance with § 33-5-5 because the testator, Fusaro, and LaParle all signed in each other's presence, based on the language in each attestation clause and the notary clause. She additionally noted that both Fusaro and LaParle confirmed the circumstances in their respective affidavits.

The trial justice, therefore, affirmed the order of the probate court admitting the will to probate. Judgment entered on February 17, 2020. The petitioners filed a timely notice of appeal to this Court on March 6, 2020.

## II

### Standard of Review

"We review questions of statutory interpretation *de novo*." *Butler v. Gavek*, 245 A.3d 750, 754 (R.I. 2021) (quoting *Mello v. Killeavy*, 205 A.3d 454, 459 (R.I. 2019)). "It is well settled that when the statutory language is clear and unambiguous, we give the words their plain and ordinary meaning." *Id.* (quoting *Bayview Loan Servicing, LLC v. Providence Business Loan Fund, Inc.*, 200 A.3d 153, 157 (R.I. 2019)). However, when this Court is "faced with an ambiguous statute," it will

"apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." *Crenshaw v. State*, 227 A.3d 67, 71 (R.I. 2020) (quoting *Powers v. Warwick Public Schools*, 204 A.3d 1078, 1086 (R.I. 2019)).

## III

## Discussion

On appeal, petitioners argue that the trial justice erred in finding that LaParle was a witness to the execution of the testator's will. The crux of their argument is that, because she signed the document in her capacity as a notary, LaParle cannot also simultaneously be considered a witness to the testator's execution of the will. In support of this argument, petitioners assert that LaParle herself stated in her affidavit that she intended to sign the document as a notary and not as a witness to the execution of the will, and therefore, petitioners claim, her "mental act was that of a notary to the witness'[s] signature and not as a witness to the execution of the [w]ill by the [t]estator." They further contend that LaParle served only "as notary to the signature of the sole witness, Mr. Fusaro."

In response, respondents assert that the requirements of § 33-5-5 were satisfied because LaParle attested and subscribed the will in the presence of the testator. The respondents argue that "LaParle's presence and observations when [the testator] and Fusaro signed the will relate to attestation" and that "[h]er signature on

- 6 -

the instrument relates to subscription." They submit that whether LaParle intended to sign the will as a witness was irrelevant, because "she 'subscribed' the will by signing it and 'attested' Mrs. Cardiff's signature by attending the event with Fusaro and observing what happened."

At issue, therefore, is whether the will meets the requirements set forth in § 33-5-5. Section 33-5-5 provides that:

> "No will shall be valid, except as provided in §§ 33-5-6 and 33-5-7, unless it shall be in writing and signed by the testator, or by some other person for him or her in his or her presence and by his or her express direction; and this signature shall be made or acknowledged by the testator in the presence of two (2) or more witnesses present at the same time, and the witnesses shall attest and shall subscribe the will in the presence of the testator, but no form of attestation shall be necessary, and no other publication shall be necessary."

Simply put, as the trial justice here quoted in her decision, "a valid will in Rhode Island must be signed by the testator in the presence of two witnesses; those witnesses, in turn, must sign the will in the presence of each other." *Estate of Giuliano*, 949 A.2d at 392.

This Court addressed a similar question to the one raised in this case in *Merrill v. Boal*, 47 R.I. 274, 132 A. 721 (1926). In *Merrill*, the testator's signature was witnessed by two people: "one person * * * wrote his name to the left of" the testator "and under the words 'in presence of[,]'" and the second person "instead of signing as did the first, wrote the ordinary acknowledgment clause, signed his name, affixed

his official seal, and wrote beneath his signature the words 'Notary Public.'" *Merrill*, 47 R.I. at 280, 132 A. at 724. The appellees in *Merrill* submitted "that the second witness, because of his taking the acknowledgment and signing as notary public, did not attest and subscribe the will as required by section 4303, G. L. 1923."[3] *Id.*

There, the Court considered whether "the second person signing [was] any less a witness because he did more than was required by statute[.]" *Merrill*, 47 R.I. at 280, 132 A. at 724. The Court observed that

> "[t]he authorities hold that, if a person who is called upon to witness a will attaches to the instrument his official certificate of the maker's acknowledgment of the due execution thereof, such unnecessary acts are mere surplusage and do not affect the validity of his signature as a witness to the will." *Id.* at 280-81, 132 A. at 724.

---

[3] We note that, in *Merrill v. Boal*, 47 R.I. 274, 132 A. 721 (1926), the Court considered the requirements of § 4303, G.L. 1923, which is, in essence, identical to G.L. 1956 § 33-5-5. Section 4303 stated:

> "No will shall be valid, excepting as provided in sections twenty and thirty-six of this chapter, unless it shall be in writing and executed in a manner hereafter prescribed; that is to say, it shall be signed by the testator, or by some other person for him in his presence and by his express direction; and such signature shall be made or acknowledged by the testator in the presence of two or more witnesses present at the same time, and such witnesses shall attest and shall subscribe the will in the presence of the testator, but no form of attestation shall be necessary, and no other publication shall be necessary." Section 4303, as codified in G.L. 1923, title XXIX, ch. 298, § 13.

The Court ultimately concluded that the notary public was a witness to the execution of the will. *Id.* at 281, 132 A. at 724.

We see little difference between *Merrill* and the case at bar. *See Merrill*, 47 R.I. at 280, 132 A. at 724. Signing the will in her capacity as a notary does not mean that LaParle was not a witness; she simply went beyond what was required under § 33-5-5. *See id.* at 281, 132 A. at 724 ("It cannot be that doing more than the statute requires, and including all the essentials of what it does require, fails for not obeying the statute. The greater must include the less." (quoting *In Re Bybee's Estate*, 160 N.W. 900, 902 (Iowa 1917))).

In reviewing the language of the will, we note that the testator's signature followed: "I have signed my name * * * in the presence of the undersigned witnesses, who witnessed and subscribed this Last Will at my request, and in my presence"; Fusaro's signature followed: "SIGNED AND DECLARED * * * in their presence and in the presence of each other, all being present at the same time, have signed our names as witnesses"; and LaParle's signature followed: "[s]*ubscribed* and sworn to before me[.]" (Emphasis added.) It is therefore clear that the testator, Fusaro, and LaParle each signed the will in the presence of one another, thus satisfying the "subscribe and attest" requirements of § 33-5-5. *See* Black's Law Dictionary 1727 (11th ed. 2019) (defining "subscription" as "[t]he act of signing one's name on a document"); Black's Law Dictionary 158 (11th ed. 2019) (defining "attest" as "[t]o

bear witness").  Furthermore, § 33-5-5 makes clear that "no form of attestation shall be necessary[.]"

Accordingly, the trial justice did not err in affirming the order of the probate court, denying the petitioners' probate appeal, and finding that LaParle was a witness to the execution of the testator's will.

**IV**

**Conclusion**

For the reasons set forth herein, we affirm the judgment of the Superior Court. The record may be returned to the Superior Court with direction to remand the case to the Westerly Probate Court for proceedings consistent with this opinion.

Justice Robinson did not participate.

# STATE OF RHODE ISLAND
## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | In re Estate of Barbara J. Cardiff. |
| **Case Number** | No. 2020-92-Appeal.<br>(WP 18-498) |
| **Date Opinion Filed** | January 21, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Petitioners:<br><br>Michael P. Lynch, Esq. |
| | For Respondent:<br><br>Kelly M. Fracassa, Esq. |